SPOKANE CATTLE LOAN COMPANY, a Corporation, Appellant, v. CRANE CREEK SHEEP COMPANY, a Corporation, Respondent.

[230 Pac. 772.]

Special Agency—Contract, Entire or Severable—Nonperformance —Identifying Subject Matter of Contract — Counterclaim — Cause of Action.

1. A special agency carries with it no implied authority to consent to a modification of a contract, nor to accept a part performance of the contract as a full performance thereof.

2. In determining whether or not a contract is severable, the contract itself and the circumstances surrounding the making of it must be considered.

3. *Held*, that the evidence adduced in this case sufficiently identifies the property in question to give effect to the contract concerning it.

4. *Held*, that the counterclaim in this case is not based upon warranty but upon nonperformance by plaintiff of a contract

for the sale and delivery of property and upon a payment by defendant in excess of the portion of the purchase money properly applicable to payment for the property delivered, and that it states a cause of action.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action on contract for the sale of personal property. Judgment for defendant. *Affirmed.*

E. G. Davis and C. H. Swanstrom, for Appellant.

"When a principal clothes an agent with apparent authority, his acts thereunder govern mutual rights and liabilities as between such principal and third persons, and the principal is estopped to deny such authority." (*Hammitt v. Virginia Min. Co.,* 32 Ida. 245, 181 Pac. 336; *Hudson v. Carlson,* 31 Ida. 196, 170 Pac. 100; 2 C. J. 573.)

"Delivery of goods to a servant or agent of a purchaser is equivalent to a delivery to such purchaser." (*Bonner v. Marsh,* 10 Smedes & M. (Miss.) 376, 48 Am. Dec. 754.)

"It is self-evident that whatever the parties see fit to accept as performance, will be so regarded by the courts." (13 C. J. 673, 674; 6 R. C. L., sec. 358.)

"An acceptance by the vendee of personal property, after an opportunity for inspection, in the absence of fraud, generally estops him from thereafter raising any objection as to visible defects, unless there is a warranty intended to survive acceptance." (*Day v. Mapes-Reeve Construction Co.,* 174 Mass. 412, 54 N. E. 878; *Studer v. Bleistein,* 115 N. Y. 16, 22 N. E. 243, 5 L. R. A. 702.)

The contract in this case is severable or divisible, and not entire, and the mutual rights and liabilities of the parties must be determined in accordance with this fact. (13 C. J. 561; 15 Am. & Eng. Ency. of Law, 2d ed., sec. 988; *Horseman v. Horseman,* 43 Or. 83, 72 Pac. 698; 2 Mechem on Sales, sec. 1163.)

"Where a contract is severable recovery may be had of the compensation apportioned to each part as performance

progresses." (13 C. J. 629; *Keeler v. Clifford,* 62 Ill. App. 64; *State v. Davis,* 53 N. J. L. 144, 20 Atl. 1080; *Johnson v. Henry,* 127 Mich. 548, 86 N. W. 1027.)

Hays, Martin, Cameron & Hays, for Respondent.

Whenever there is substantial evidence to support a verdict the same shall not be set aside. (C. S., sec. 7170, and cases cited.)

BRINCK, Commissioner.—This is an action brought by appellant to recover from the respondent the sum of $1,070 and interest, alleged to be owing as the unpaid balance of the purchase price of certain sheep and other personal property sold by the appellant to respondent. Respondent alleges in its answer that appellant failed to deliver to respondent a portion of the property purchased, and that the payment made by it to appellant exceeded the purchase price of the property actually delivered; and further pleads as a counterclaim, after setting out the facts as to the contract of sale, that although respondent paid all but $1,070 of the total purchase price, appellant retained of the property so sold property of the value of $1,575, and that appellant therefore owes respondent $505.

Trial was had by jury, and a verdict rendered for respondent in the sum of $264; and from the judgment thereon and the order of the trial court denying a motion for new trial this appeal is taken. As errors the appellant assigns that the verdict and judgment were against the law; that the court erred in denying appellant's motion for directed verdict on its complaint and for judgment of nonsuit on the counterclaim; that the evidence is insufficient to support the verdict and judgment; and that the counterclaim fails to state a cause of action.

The contract for the sale and purchase of the property is as follows:

"Boise, Idaho, September 14, 1921.

"Know all men by these presents: That Spokane Cattle Loan Company of Spokane, Washington, hereby covenant

and agree to sell, convey and deliver to Crane Creek Sheep Company, Boise, Idaho, on or about Sept. 20, 1921, on Hoskin's range on Stein Mountain about (1700) Seventeen hundred head of ewes five years old, about (1300) thirteen hundred lambs and about (100) wethers, price of said sheep to be as follows: 4.50 per head for ewes, 3.50 per head for lambs and 3.00 per head for wethers, it being understood and agreed that no cripples, bums or unmerchantable sheep shall be included in said sale. The seller also agrees to deliver to Crane Creek Sheep Co., without further consideration about (16) sixteen head of horses and mules, 2 wagons, 2 or more sets of harness; all pack and camp outfits and dogs now with sheep. Spokane Cattle Loan Co. acknowledges payment of ($1,500) Fifteen Hundred Dollars as payment hereon, balance of payment to be made upon delivery of sheep and outfits.

"SPOKANE CATTLE LOAN CO.

"By A. E. HOOPER,

"Agent.

"Witness: J. E. CLINTON."

Appellant's first contention is that the evidence shows an acceptance by respondent of the property actually delivered as a full performance of the contract. The property respondent claims was not delivered, included ten horses and certain equipment.

The evidence shows that respondent sent an employee named Horton to receive the property contracted to be sold; that Hooper, who entered into the contract on behalf of appellant, was acting as agent for appellant at the delivery of the property; that Horton inquired as to the horses in question, and was told by Hooper that he must look to one Hoskins (the mortgagor from whom plaintiff as mortgagee had taken over the property sold) for these horses, and that Horton replied that he was looking to Hooper for them; but that Horton did go to Hoskins and was unable to find or receive the missing property. Meanwhile Hooper wrote

out and procured to be signed by Horton the following receipt:

"September 23, 1921.

"Received of the Spokane Cattle Loan Co. the Hoskins Sheep, ewes 1638, lambs 1320, wethers 90, all camp outfits with sheep, horses, etc.

"H. H. HORTON."

Under these circumstances, it cannot be said that respondent accepted the property tendered as a complete performance of the contract. Horton apparently did not so intend; but if he did, he is not shown to have had authority to waive any of the provisions of the contract, and no such authority can be implied from the circumstances. He was the agent of respondent to receive the property, but such special agency carries with it no implied authority to consent to a modification of the contract, nor to accept a part performance of the contract as a full performance thereof, and neither his conduct in receiving the property that was delivered nor in executing the receipt above mentioned can be given the effect claimed by appellant; nor could his act in executing such receipt estop respondent to complain that the contract was not fully performed by appellant. One who deals with a special agent is bound to ascertain the nature and extent of his authority. (1 Mechem, Agency, 2d ed., sec. 742; *Schenck v. Griffith,* 74 Ark. 557, 86 S. W. 850.)

As soon as the officers of respondent company learned that the horses had not been delivered, they stopped payment of a draft they had previously sent appellant for the full purchase price; and thereafter, after some negotiation between the parties, remitted to appellant the balance of the purchase price less the $1,070. It is not claimed by either party that this payment changed the situation of the parties; and the question of it being a voluntary payment, not the subject of recovery back, is not raised.

Appellant further contends that the contract in this case is severable, inasmuch as the price per head of all the sheep delivered was designated in the contract and no price was

named for the horses and other property, and that, appellant having delivered all of the sheep, respondent was bound to pay all the purchase price thereof at the price per head stipulated in the contract; and that the nonperformance in the delivery of the property for which no price was specified leaves respondent without right to claim any abatement of the purchase price or to sustain a counterclaim on that account. In determining whether or not a contract is severable, the contract itself, and the circumstances surrounding the making of it, should be considered. (Page on Contracts, sec. 2085.) It is obvious from the terms of the contract itself, and from the evidence as to the circumstances under which the contract was made, that a part of the consideration for the agreement of respondent to pay the specified purchase price for the sheep was the agreement by appellant to deliver without further consideration the horses and other personal property, and that in that respect the consideration for the contract' is entire, and the contract is not severable in the sense contended for by appellant. Respondent was entitled to receive the property which was delivered, and to claim an abatement from the total consideration. (C. S., sec. 5716, subd. 1.)

Appellant also contends that the horses and equipment in the contract were not sufficiently described therein to enable them to be identified. However, evidence of conversations between Hooper and the defendant's agent Clinton at the time of making the contract, in which the animals were in part described, and from which it appears the horses were in fact those that had been used by the mortgagor in connection with the sheep outfit, together with evidence introduced as to the horses and equipment that were used with the outfit, sufficiently identifies the property to give effect to the contract. (Page on Contracts, sec. 2189; *Spongberg v. First Nat. Bank,* 15 Ida. 671, 99 Pac. 712; *Barnett v. Hagen,* 18 Ida. 104, 108 Pac. 743; *Wood River Power Co. v. Arkoosh,* 37 Ida. 348, 215 Pac. 975.)

As supporting its contention that the counterclaim states no cause of action, appellant contends that no recovery

can be had unless the contract warranted the value of the articles and things not delivered, and respondent relied on this warranty in entering into the contract, and the warranty survived the delivery and acceptance of the sheep; however, the counterclaim is in no way based upon warranty, but upon nonperformance by appellant of a contract for the sale and delivery of property and upon a payment by respondent in excess of the portion of the purchase money properly applicable to payment for the property which was delivered. The counterclaim states a cause of action.

Finding no errors in the record, the judgment of the trial court and its order denying appellant's motion for new trial should be affirmed, with costs to respondent.

McCarthy, C. J., and Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—The foregoing opinion is hereby approved and adopted as the opinion of the court, and it is ordered that the judgment of the lower court and its order denying appellant's motion for a new trial be affirmed. Costs awarded to respondent.