(No. 5475. November 8, 1930.)

MARY L. HARSHBARGER et al., Respondents, v. HUGH H. RANKIN and WINIFRED RANKIN, His Wife, Appellants.

[293 Pac. 327.]

A. H. Wilkie, James G. Gwinn and W. A. Ricks, for Appellants.

F. L. Soule, N. D. Jackson, T. B. Hargis and S. H. Atchley, for Respondents.

BUDGE, J.—Appellants, husband and wife, executed and delivered to W. L. Robinson and R. I. Rankin six promissory notes, secured by two mortgages on certain real property in Ashton. One of the notes was paid and another came into the possession of respondent Harshbarger. Robinson and Rankin as plaintiffs filed a complaint seeking foreclosure of the mortgages, and included among the notes due and unpaid the one transferred to respondent Harshbarger, without mention of its transfer.

Answer and cross-complaint were filed by appellants, the cross-complaint alleging an agreement between plaintiffs and appellants whereby the latter were to construct a three-story hotel and business block, plaintiffs to furnish some of the funds therefor and take a mortgage on the property; that said building was constructed, plaintiffs furnishing appellants with funds and taking two mortgages on the property; that plaintiffs failed to advance funds with which to complete the third floor of the building after expressly agreeing so to do, as a result of which appellants were unable to pay bills incurred in connection therewith and a mechanic's lien was filed against the property, all of which impaired appellants' credit and embarrassed them in the conduct of their business and in the operation of the hotel. Appellants' cross-complaint further alleged that as a part of a conspiracy by plaintiffs to ruin appellants' credit and business so that plaintiffs could foreclose their mortgages and secure the property at a sacrifice price, plaintiffs made false and malicious statements to the effect that appellants were bankrupt, unable to meet their obligations and it was only a matter of time until they would lose the hotel and

business block, etc., and in furtherance of said scheme and conspiracy plaintiffs made use of their official positions with the Security State Bank so as to have appellants' checks rejected for insufficient funds when as a matter of fact appellants had ample funds in bank to pay the checks. The cross-complaint asserted that by reason of the wrongful, false, fraudulent and malicious acts and statements of plaintiffs, set out in more detail than therein recited, appellants' credit was injured, their business damaged, the loan and market value of their property depreciated, and their personal reputations for honesty and integrity injured, to their damage in a stated sum.

As a further cause of action against plaintiffs the cross-complaint alleged that, without the knowledge or consent of appellants, plaintiffs tied on to the hot-water tank and system owned and operated by appellants in connection with said hotel and business block and used hot water from said system for a period of about forty-eight months, for the reasonable value of which appellants prayed for judgment against plaintiffs.

The court granted plaintiffs' motion to strike from the cross-complaint the portions thereof dealing with the matters above recited. The grounds of the motion were that such alleged cause of action in the cross-complaint was founded in tort and did not relate to or depend upon the contract or transaction upon which plaintiffs' action was founded or affect the property to which the action related.

Pending further disposition of the cause plaintiffs and appellants entered into a written agreement looking to the settlement of the controversy and dismissal of the foreclosure proceedings. Under the agreement it was necessary for appellants, within a limited time, to adjust and renew plaintiffs' mortgages, renew another first mortgage on the property, assign rents obtained on another portion of the property, etc. The parties were unable to adjust their differences as contemplated by the agreement, and it was disregarded.

In the meantime Robinson transferred his interest in the notes to J. E. Winfrey, and respondent Harshbarger was granted leave to intervene in the action as party plaintiff, her complaint setting up her claim to the note which had been erroneously included in the original complaint as the property of Robinson and Rankin and asking for foreclosure of her interest in the mortgaged property. The complaint in intervention alleged that Winfrey's interest in the mortgaged property was under a mortgage subsequent to that in which complainant had an interest and contained a similar allegation with reference to the rights claimed by Rankin under one of the mortgages.

Winfrey and Rankin asked permission of the court, by reason of the filing of the complaint in intervention by respondent Harshbarger, to file amended complaints as against the mortgagors, appellants and cross-complaints against all other parties to the action. Their motions were granted. Thereupon Winfrey and Rankin filed separate pleadings in the nature of answers admitting the allegations contained in the complaint in intervention of respondent Harshbarger, and cross-complaints seeking foreclosure of the mortgages given by appellants.

Appellants made a motion to dismiss the action, setting up the agreement entered into between them and Robinson and Rankin. This motion was denied, and general demurrers filed by appellants to the cross-complaints of Winfrey and Rankin were overruled. After the filing of answers by appellants to the complaint in intervention and the cross-complaints of Winfrey and Rankin, in which the written agreement for the dismissal of the action was pleaded, the cause went to trial. The court found in favor of the holders of the notes and mortgages, including respondent Harshbarger, Winfrey and Rankin, and ordered the property sold under foreclosure. This appeal is from the judgment and an order denying appellants' motion for new trial.

While from the above recital of the facts the proceedings in this case may appear to be somewhat complicated, the

legal propositions here involved are not difficult of ascertainment. They concern the action of the court in (1) denying appellants' motion to dismiss the action based upon the written agreement between appellants and Robinson and Rankin purposing to effect a settlement; (2) permitting respondent Harshbarger to file a complaint in intervention and respondents Winfrey and Rankin to file cross-complaints,—appellants asserting this to be in violation of the rule permitting but one action for the foreclosure of a mortgage; (3) striking from appellants' cross-complaint the allegations of alleged wrongful acts on the part of Robinson and Rankin for which appellants sought to recover a money judgment.

We need not pause to consider the matter of the dismissal of the action from the angle of the right of the parties to enter into such an agreement. That is not the question. The enforceability of the written agreement between appellants and Robinson and Rankin looking to a settlement of their controversy and dismissal of the respective parties' claims in the lawsuit depended upon the performance of several covenants in the agreement set out. *Vide* the specific wording of the agreement: ''For and in consideration of the covenants and agreements hereinafter to be carried out and performed,'' etc.

To follow appellants' contention that the paragraph of the agreement stating that Robinson and Rankin would dismiss and stop the foreclosure proceedings and appellants would dismiss and forever cancel and waive any complaints against Robinson and Rankin required a dismissal of the foreclosure proceedings would leave without any consideration the numerous other obligations set out in the agreement. The one consideration of the agreement, dismissal and waiver of the claims of each of the parties, was based upon, contemplated and intended ''that each and all of its parts and the consideration shall be common each to the other and inter-dependent,'' a test of whether a contract is severable or entire. (13 C. J., pp. 561, 563, secs.

525, 528.) The consideration being single, the contract was entire.

The last paragraph of the agreement, after setting out the numerous things to be done, provided that the "agreement shall be performed and carried out within 10 days or will be null and void," obviously referring to and further evidencing the intention that the performance of the covenants thereinabove recited was the condition upon which the dismissal was to be made. Other reasons might be stated as aids to the conclusion that the *quid pro quo* was the performance of all of the conditions of the agreement but those noted are sufficient upon which to hold that the trial court did not err in denying appellants' motion to dismiss based upon the agreement.

██ No objection was raised by appellants in the trial court to the filing of cross-complaint by respondents Winfrey and Rankin on the ground that the cause of action was thereby split, and it has been held that such objection may be deemed waived unless timely made. (1 Bancroft's Code Pleading, p. 187, sec. 91.) The rule against permitting causes of action to be split contemplates the bringing of more than one suit on the same subject matter. That was not attempted to be done herein, all of the parties interested in the mortgages being before the court in the one action and the mortgages being foreclosed in that one action. By the provision in C. S., sec. 6949, that there can be one action for the recovery of any debt or the enforcement of any right secured by a mortgage upon real or personal property, it was intended to do away with a multiplicity of actions. The rule was not violated in this instance.

█ A cross-complaint is restricted to matters relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates. (C. S., sec. 6699; *Hunter v. Porter*, 10 Ida. 72, 77 Pac. 434.) The subject matter of the cross-complaint must necessarily be in and constitute a part of the main suit; that is, be germane to the original controversy. Claims for unliquidated damages, or actions for

tort, have been recognized as proper matter for cross-complaint in cases where it has been found that they were sufficiently connected with the subject of the main action within the provisions of the statute. (*Willman v. Friedman*, 4 Ida. 209, 299, 95 Am. St. 59, 38 Pac. 937; *Hudson v. Kootenai Fox Farms Co.*, 47 Ida. 58, 272 Pac. 704.)

There is a wide diversity of opinion in the decisions as to what constitutes proper matter for incorporation in cross-complaints or counterclaims under the provisions of statutes akin to C. S., secs. 6695 and 6696. The object of these code provisions is to enable parties to settle and adjust related controversies in a single action, simplify the proceedings and avoid a multiplicity of suits. (*Hudson v. Kootenai Fox Farms Co., supra;* 1 Bancroft's Code Pleading, pp. 522, 523, 648, secs. 347, 348, 447; 21 Cal. Jur., p. 71 et seq.) To this end the statutes should be liberally construed.

The cross-complaint need not necessarily seek its relief against all of the original plaintiffs or defendants. (*Hunter v. Porter, supra.*) Appellants being personally liable for a deficiency under a sale of the mortgaged property by foreclosure, the recovery by them of a money judgment under their cross-complaint could be operative to defeat, in whole or in part, the rights of the parties against whom the cross-demands were asserted and be included in a single judgment. (Pomeroy's Code Remedies, 5th ed., p. 997, sec. 620.) The learned author of the work cited calls attention to the fact that in reaching the conclusion that a claim of a defendant must tend to defeat or lessen the plaintiff's claim the courts so holding have added to or taken from the express terms of the code provisions.

From the allegations of appellants' cross-complaint it appears that plaintiffs Robinson and Rankin had agreed to furnish whatever funds might be necessary in the construction and completion of the hotel building, but failed to advance funds as agreed for the completion of the third floor. It is thought the allegations in respect of this matter related to or depended upon the contract or transaction

upon which the action was brought, and was proper subject of cross-complaint to plaintiffs' action on the notes and mortgages. The allegations contained in paragraph VI of the cross-complaint, with reference to an alleged conspiracy on the part of plaintiffs to ruin appellants' credit by false and malicious statements and in rejecting their checks, etc., do not come within the spirit of the provisions of C. S., sec. 6699, governing the subject matter of a cross-complaint. Under a liberal interpretation of this statute we are inclined to the view that the allegations of appellants' cross-complaint, with the exception of paragraph VI, were sufficiently pleaded in contract, express or implied, as to have been permitted to stand.

The judgment is reversed and the cause remanded for the purpose of reinstating the stricken allegations of appellants' cross-complaint, except paragraph VI, final judgment in the foreclosure proceedings to abide disposition of the cause under said cross-complaint. Costs are awarded as follows: To intervenor and respondent, Mary L. Harshbarger, one-third of costs of respondent's brief, that is, $13.33, as against the appellants, Hugh H. Rankin and Winifred Rankin; and appellants to recover their costs of the transcript and brief as against the cross-defendants, R. I. Rankin and J. E. Winfrey.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.