BUEG *v.* AERO PATTERN & ENGINEERING COMPANY, LTD.

1. EVIDENCE—DIRECT EXAMINATION—CROSS-EXAMINATION.
    While generally a witness cannot be cross-examined on matters which have been stricken, there may be testimony, not properly admissible on direct examination because it was then irrelevant, that would be proper on cross-examination for the purpose of testing the credibility of a witness (CL 1948, § 617.63).

2. SAME—CONVICTION OF CRIME.
    While defendant, by objection on direct examination to an improper, irrelevant question as to claimed criminal conviction of plaintiff, did not waive his right to cross-examine on the same subject, in the absence of offer of proof by defendant of a criminal conviction, ruling that such testimony was inadmissible on cross-examination did not constitute reversible error (CL 1948, § 617.63).

3. SAME—CONTRACTS—EXPLANATORY TESTIMONY.
    Evidence to show missing items was not erroneous in action for breach of contract for purchase of interest in partnership business where testimony was consistent with, and explanatory of, written instrument reading in part "plus any other goods or merchandise belonging to" vendor.

4. FRAUD—ASSIGNMENT OF ACCOUNT RECEIVABLE—MATERIAL REPRESENTATIONS—EVIDENCE.
    Where, incident to partner's purchase of portion of assets of a partnership, he took an assignment of an account receivable but does not claim it was expressly guaranteed, and debtor refused to pay a substantial part of the account because of

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses, §§ 621, 624, 627, 676.
[1, 2] Cross-examination of witness called to testify on particular point or under order of court.   7 ALR 1116.
[3] 20 Am Jur, Evidence, § 1142 *et seq.*
[4] 23 Am Jur, Fraud and Deceit, § 111.
[5] 14 Am Jur, Costs, § 97.

claimed defective workmanship on the part of defendant, plaintiff was not entitled to recover from defendant, on theory of fraud, the unpaid portion of the account where he failed to conform to procedure set forth in sale agreement with respect to such account and there is no testimony with respect to material representations by defendant with respect to such account.

5. COSTS—RECOVERY IN PART ON APPEAL.
   In action for breach of contract where liability for a certain sum is admitted and there is no proof that plaintiff was entitled to recover for an additional amount but remainder of judgment in circuit court is not supported by the record, costs in circuit court are awarded plaintiff and costs in Supreme Court are awarded defendant.

Appeal from Wayne; Murphy (George B.), J. Submitted June 7, 1949. (Docket No. 9, Calendar No. 44,364.) Decided September 8, 1949.

Assumpsit by O. C. Bueg against Aero Pattern & Engineering Company, Ltd., a partnership association, for damages for breach of contract. Judgment for plaintiff on appeal from common pleas court for the City of Detroit. Defendant appeals. Plaintiff cross-appeals. Reversed and remanded for entry of judgment in lesser amount.

*Joseph H. Bourgon,* for plaintiff.

*Robert W. Hodge,* for defendant.

BUSHNELL, J. On July 9, 1947, plaintiff O. C. Bueg, of Erie, Pennsylvania, severed his connections as a member of defendant Aero Pattern & Engineering Company, Ltd., a limited partnership association. The parties hereto, who were then in litigation, settled their differences by Bueg assigning his 1,407 shares of stock to the partnership for the sum of $9,-750, payable as follows: A transfer to Bueg by a bill

of sale of the machinery, materials and supplies in and comprising the company's shop at Erie at a value of $6,000, three machines located in the Detroit shop of the company, valued at $350, and the balance of an account receivable of Plumbing Drainage Systems, Inc., valued at $2,432.25. The company assumed and agreed to pay the pay roll which had accumulated to and including July 9, 1947, and make an additional cash payment to Bueg of $126.75.

It is the claim of Bueg that subsequent to this settlement and prior to his taking over the "Erie shop," various items of tools and equipment were removed therefrom by defendant. It is also asserted that, although Bueg has collected the account receivable to the extent of $1,400, the debtor has refused to pay the balance of $1,032.25 because of claimed defective workmanship on the part of defendant. Plaintiff sought a judgment against defendant in the sum of $1,415.35.

Suit was begun in the common pleas court, where Bueg had a judgment in an unsatisfactory amount, and from which he took an appeal. The case was again tried in the circuit court, where a jury was waived and, after the taking of testimony, a judgment was entered in favor of Bueg in the sum of $950, from which both parties have appealed. At the close of the proofs, Bueg was permitted to amend his pleadings to include a charge of fraud.

One of the questions raised here on appeal has to do with the trial court's limitation upon defendant's cross-examination of plaintiff with respect to claimed criminal convictions. This matter first arose on the direct examination of Bueg and was stricken from the record on defendant's motion as being irrelevant. When the defendant sought to cross-examine plaintiff on the same subject, and he denied that he had ever been convicted of fraudulent

conversion in the county of Erie, the court sustained an objection to the following question:

"Were you ever convicted of a crime in the county of Erie, Pennsylvania?"

While it is generally true that a witness cannot be cross-examined on matters which have been stricken, there may be testimony, not properly admissible on direct because it was then irrelevant, but which may nevertheless be proper on cross-examination for the purpose of testing the credibility of a witness. See CL 1948, § 617.63 (Stat Ann § 27.-912). Thus, while it may be that defendant, by objection to an improper question on direct examination, did not waive his right to cross-examine on the same subject, in the absence of offer of proof by defendant of a criminal conviction, and under the circumstances here indicated, the court's ruling in the instant trial without a jury did not constitute reversible error.

The question is also raised whether the sale of goods by an itemized inventory, "plus any other goods or merchandise belonging to Aero Pattern & Engineering Co., Ltd., situate on the premises known as 2340 McKinley avenue, Erie, Pennsylvania," includes goods on the premises at the date of the sale despite the fact that they were not itemized in the bill of sale. The court admitted evidence to show the missing items, and such ruling was not erroneous because such testimony was consistent with, and explanatory of, the quoted terms of the written instrument.

With respect to the assigned account receivable, Bueg does not claim that its payment was expressly guaranteed. It is unnecessary to decide whether an implied warranty existed at the time of the assignment, as claimed by Bueg, or whether suit by him

against the debtor is a condition precedent to his claim as argued by defendant, for the reason that the parties in their agreement provided the method and manner of determining whether any additional work should be required on the materials involved in the account. Plaintiff, before asserting any liability on the part of defendant, would be required to conform to his agreement with respect thereto. The method prescribed in the assignment is as follows:

"Should any further work be necessary on the materials making up the aforementioned account receivable, and the necessity thereof determined by a majority of the following persons, namely: Russell Mink, O. C. Bueg and Al Wells, notice of the nature and extent of such further work shall be given the Aero Pattern & Engineering Company, Limited, at Detroit, who will, at their expense, have such necessary work performed."

The record does not contain any testimony to show that any attempt was made to conform to this agreed procedure; nor do we find any testimony with respect to material representations by the defendant with regard to the account receivable. In the absence of such representations, recovery cannot be had upon a fraud theory.

The amount of the judgment is not supported by the record. An amount of $88.75 is admitted, and the missing items at the Erie shop total $294.35.

The judgment is vacated and the cause is remanded with direction to enter a judgment in favor of plaintiff in the sum of $383.10. Costs in the circuit court to plaintiff, and costs in this Court to defendant.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.