346 P.2d 1051

**A. L. WOHLSCHLEGEL, Plaintiff-Respondent,**

**v.**

**James E. "Ted" HOLST, Defendant-Appellant.**

No. 8781.

Supreme Court of Idaho.

Nov. 19, 1959.

Rehearing Denied Dec. 7, 1959.

A. A. Merrill, Idaho Falls, for appellant.

Eugene L. Bush, George L. Barnard, Idaho Falls, for respondent.

McQUADE, Justice.

This is an action for damages for breach of contract. Plaintiff-respondent seeks to recover the purchase price of a pipeline milking machine installed on defendant-appellant's dairy farm.

The appellant telephoned respondent during the latter part of August, 1958. He informed respondent he wished to install a new milkline—a device by which milk is taken from dairy cows by mechanical means and conducted to containers without intervention of human hands. The parties disagree as to what was said in this telephone conversation. The appellant maintains he specified "a Chore Boy milker and the best that money can buy, the latest type." Respondent contends the Chore Boy brand of milker was not mentioned, and that appellant did emphasize he wanted the best milkline money could buy.

Respondent drove to appellant's farm the following day. There is again conflict as to whether the Chore Boy brand was mentioned. After some conversation, the appellant signed the following purchase order, prepared by respondent:

"A. L. Wohlschlegel
"P. O. Box 286—
"Idaho Falls, Idaho

| Sold to | Ted Holst | | | 8/22/58 | |
| Address | Merrill Farm, Ucon, Ida. | | | | |
| Ship To | | | | | |
| Address | | | | | |
| | Ship Via | When | Terms | Order No. |
| Salesman | | | | | |

1– Complete recirculatory pipe line with Nor-Cal Releaser and dump tank

40 Foot 1½″ ss steel pipe

S. S. Clamp on Ells and Fittings on milk line. Neoprene Coupling Elb. on wash line side. S. S. Moisture Trap and Vac. Valve

4 Unit SS Manifold. Three complete milk units. All hose and Test lids for Unit milker Pulsator (master) and all Hangers complete for milking necessary $1388.10

1 vaccum supplier 6 unit with 1 HP. motor 300.00

$1688.10
Trade in Condee Supplier and 2 buckets 200.00

$1488.10

Terms—Cash on satisfactory operation completion. 1 yr service guarantee.

Purchased By /s/ James E. Holst "

———◆———

A milkline was thereafter installed. It consisted of trade-name parts from Nor-Cal and Chore Boy machines, a Zero brand strainer, a Garst pump, and Cornish glassware, together with other component parts.

Appellant tried out the machine, but after one milking he went back to using his old equipment. Appellant maintains the milkline did not operate properly; respondent said it needed only a few adjustments.

Thereafter, appellant asked respondent to take the machine back, and the latter refused. Appellant later dismantled and returned the machine. He paid no part of the purchase price.

Respondent brought this action. After hearing the conflicting evidence, the jury returned a verdict for respondent for $1,111, and judgment was entered thereon. From that judgment, appellant brings this appeal.

During the course of the testimony, the trial judge repeatedly refused to permit appellant's witnesses to testify to any agreement regarding a Chore Boy milker, on the ground this was an attempt to vary the terms of a written contract by parol evidence. These rulings are the basis for most of appellant's numerous specifications of error.

The purchase order, supra, does not specify the make of equipment to be installed, with the exception of a Nor-Cal releaser.

"Where a contract is indefinite and uncertain, but not wholly void for uncertainty, oral evidence is admissible for the purpose of showing the circumstances surrounding the transaction, and to identify the property with reference to which the contract is made. * * *" Wood River Power Co. v. Arkoosh, 37 Idaho 348, 215 P. 975, 976.

On this point see also Spokane Cattle Loan Co. v. Crane Creek Sheep Co., 39 Idaho 801, 230 P. 772; Molyneux v. Twin Falls Canal Co., 54 Idaho 619, 35 P.2d 651, 94 A.L.R. 1264; Fullmer v. Proctor, 59 Idaho 455, 82 P.2d 1103; Rudeen v. Howell, 76 Idaho 365, 283 P.2d 587.

The trial court was in error in refusing to admit evidence to explain the instrument.

The judgment is reversed and the cause remanded for a new trial.

Costs to appellant.

PORTER, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.