**KILBOURNE–PARK CORPORATION,**
Appellant (Defendant below),

v.

**Milo BUCKINGHAM, Appellee**
(Plaintiff below).

No. 3391.

Supreme Court of Wyoming.

July 27, 1965.

Leonard McEwan, Sheridan, for appellant.

Henry A. Burgess, David B. Kennedy, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff sought recovery of an alleged balance due under a contract with defendant. Upon trial to the court, judgment was for plaintiff and defendant appeals.

The contract prepared by defendant's attorney required that plaintiff, for the sum of $8,500, would complete all roadways as platted in the Ponderosa Subdivision.

Plaintiff proceeded to build roads upon subdivided lands belonging to defendant, and from time to time received payments from defendant as the work progressed until there remained an unpaid balance of some $3,000 which defendant refused to pay, claiming that all the roads contracted for had not been constructed.

At the trial the principal points in dispute were whether plaintiff had an opportunity to examine a plat showing the roads to be built before the agreement was signed; whether parol evidence was admissible to

supplement and explain the written agreement; and whether defendant had waived the completion of the roads in dispute and which defendant claimed were shown on the plat allegedly furnished plaintiff before the contract was executed and upon which it was predicated.

No plat of the so-called Ponderosa Subdivision was attached to the contract, and no such plat had been recorded at the time of the agreement. Furthermore the contract contemplated the construction would use 3,000 yards of shale and 3,500 yards of fill as shown by Exhibit "A", an accurate copy of which was attached to the agreement and which appears in full as follows:

"Exhibit A

| | |
|---|---|
| "3000 yds of shale @1$^{50}$ a yd | 4500.00 |
| "3500 yds of fill @ 1.$^{00}$ | 3500.00 |
| "Setting culverts & misc | 500.00 |
| Total | $8500.00" |

This shows clearly that the shale was figured at $1.50 per yard and the fill at $1.00 per yard, which together with $500 allowed for setting culverts and miscellaneous made the full contract price of $8,500.

Thus, Exhibit "A" and the reference made to it in the body of the contract are just as much a part of the agreement between the parties as is the provision specifying that the contractor agrees to construct all roadways as platted in the subject subdivision.

In order to arrive at an understanding of the true intendment of the parties, it was necessary to consider each of these provisions, and, as they presented ambiguity, parol evidence was necessary to enable the court to interpret the meaning of the contract as an entity.

Inasmuch as no plat of the Ponderosa Subdivision was attached and no such plat was recorded at the time of the agreement, it is immediately apparent that parol evidence was required to establish what subdivision plat delineated the roads then being contracted to be built and what was the full understanding of the parties as to which roads were being contracted for. See Yellowstone Sheep Co. v. Diamond Dot Live Stock Co., 43 Wyo. 15, 25–27, 297 P. 1107, 1110–1111, 75 A.L.R. 1151; Wohlschlegel v. Holst, 81 Idaho 470, 346 P.2d 1051; Nabors Oil Corporation v. Samuels, 175 La. 371, 143 So. 330; Weiss v. Gross, 165 A. 90, 11 N.J.Misc. 41; Earle v. Illinois Cent. R. Co., 25 Tenn.App. 660, 167 S.W.2d 15, certiorari denied 317 U.S. 680, 63 S.Ct. 161, 87 L.Ed. 546; In re Gotham Silver Co., D.C.N.Y., 91 F.Supp. 520; Raymond Rowe Furniture Co. v. Simms, 84 Ga.App. 184, 65 S.E.2d 830; Bueg v. Aero Pattern & Engineering Co., 325 Mich. 467, 39 N.W.2d 40; Kast v. Kast, 361 Mo. 623, 235 S.W.2d 375.

In addition, Exhibit "A", which sets forth the amount of material it was expected to be used, presents an ambiguity which requires interpretation. The parol evidence received for that purpose disclosed that the roads completed by plaintiff and claimed by him as being those contracted for had required the use of 3,186 yards of shale and 3,580 yards of fill which was slightly more than the amount of material set forth in Exhibit "A". It is well settled that where a written instrument is ambiguous parol evidence is admissible to ascertain its meaning, although it may not add to or detract from the writing. 32A C.J.S. Evidence § 959(1) a, p. 374; 20 Am. Jur., Evidence, § 1147, p. 999; 17 Am.Jur. 2d, Contracts, § 77, pp. 417, 418; 17A C.J.S. Contracts § 597, p. 1163. As to the meaning of an ambiguous contract, see 3 Words and Phrases, p. 443 (1953). Also, we announced the rule in Goodman v. Kelly, Wyo., 390 P.2d 244, 247, that if a contract were ambiguous resort might be had to competent evidence of extraneous circumstances that tend to explain the ambiguity and further illustrate the intention of the

parties at the time the provisions were adopted.

The parol evidence introduced to supply these deficiencies developed a conflict between the parties as to what roads were contracted to be built.

■ Notwithstanding we approve the court's receiving parol evidence in order to give meaning to the contract, an examination of that parol evidence discloses that much of it is conflicting and that the number of exhibits received has so heightened and confused the over-all picture that it is apparent there was honest misunderstanding between the parties. Because of this the court was compelled to make factual determinations upon conflicting evidence and decide where the minds of the parties met if at all. From the judgment rendered, the court evidently concluded plaintiff had substantially complied with the requirements of the contract as it was understood by the parties when it was executed, and as later modified by defendant's partial waiver of performance, giving credits against the contract price for certain minor items which the court allowed. The trial court was in the best position to do this, certainly this court is not.

The judgment is affirmed.

Affirmed.