189 So.2d 384 (1966)
C & D FARMS, INC., a Florida Corporation, et al., Appellants,
v.
Joseph M. CERNIGLIA et al., Appellees.
No. 65-724.
District Court of Appeal of Florida. Third District.
July 19, 1966.
Rehearing Denied September 7, 1966.
*385 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellants.
Shutts & Bowen and Thomas H. Anderson, Miami, Benjamin I. Shulman, Miami Beach, for appellees.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
By this appeal, review is sought of a final decree entered in a declaratory decree action wherein the chancellor was called upon to construe a non-competition agreement, which was executed in connection with the sale of certain corporate stock in several corporations engaged in the produce business. The agreement was executed in 1954 and provided that it was to be construed by the laws of Georgia [wherein it was executed and wherein most of the corporate entities had their center of interest]. It provided that the appellees would divest their stock ownership in several corporations; that they would receive certain monies and, for a three-year period, they would be employed by certain of the corporations; that for the next twenty years they would be prohibited from entering into the tomato produce market in competition with the corporations, upon the corporations paying to them an annual fixed sum. But, the corporations reserved the right to terminate this latter twenty-year agreement and relieve themselves of the burden of making the payments. Only that portion of the agreement relative to the twenty-year non-competition is involved in this action.
The chancellor made extensive findings of fact to the effect that there was no good will in the produce field generally, nor in the growing, packing or marketing of tomatoes; that the optional twenty years for which the restrictive covenant was to run was not to protect good will, but to eliminate competition; that the executory portion of the agreement was unenforceable because it was too extensive, both as to time and area. Therefore, he declared the contract unenforceable and for naught.
The territory or area affected was divided into sixteen categories. The greatest area covered was:
"1. In any State, County, Parish or City of the United States of America.
* * * * * *
"4. All territory within a radius of fifty (50) miles of any city in which any of the COMPANIES presently does business or has customers served by it or them."
* * * * * *
Many of the areas affected as to particular corporations were limited to the farm areas actually covered by them. In addition to dividing the territory or area affected, the contract had the following severability clause:
"(B) IT IS AGREED AND UNDERSTOOD that as to the geographic area set forth above for the purpose of covenants not to compete herein contained, each area is divisible and separable so that in the event the covenants not to compete shall be invalid or unenforceable in any geographic area described, they shall be valid and enforceable in those geographic areas in which the same are valid and *386 enforceable by law, the intention of the parties being that the COMPANIES be given the broadest protection allowed by law as respects the covenants not to compete herein contained and wherever necessary the areas which may be protected by law may be determined and proved by facts and evidence."
The chancellor, in his decree, did not mention the severability paragraph which is generally held valid and should be recognized. See: Coppedge v. Leiser, 71 Idaho 248, 229 P.2d 977; Producers' Coke Co. v. Hillman, 243 Pa. 313, 90 A. 144; Heilwood Fuel Company v. Manor Real Estate Co., 405 Pa. 319, 175 A.2d 880; 17 Am.Jur.2d, Contracts, § 325; 17A C.J.S. Contracts § 332. The impact of the decree was to hold that the agreement was invalid and unenforceable.
We hold that the extent of the chancellor's determination should only have been that the agreement not to compete was unenforceable in this State because of the provisions of § 542.12, Fla. Stat., F.S.A., which establishes the public policy of this State. See: Davis v. Ebsco Industries, Inc., Fla.App. 1963, 150 So.2d 460. It is not clear from the record that the contract was valid or invalid under the laws of Georgia. See and compare: Rakestraw v. Lanier, 104 Ga. 188, 30 S.E. 735; Hood v. Legg, 160 Ga. 620, 128 S.E. 891; Orkin Exterminating Co. of South Georgia v. Dewberry, 204 Ga. 794, 51 S.E.2d 669; Turner v. Robinson, 214 Ga. 729, 107 S.E.2d 648; Thomas v. Coastal Industrial Services, Inc., 214 Ga. 832, 108 S.E.2d 328; Insurance Center, Inc. v. Hamilton, 218 Ga. 597, 129 S.E.2d 801; Brittain v. Reid, 220 Ga. 775, 141 S.E.2d 903. For the purposes of this opinion, we consider that it is valid but unenforceable in this State, due to the announced public policy.
Therefore, we affirm so much of the decree as held the agreement unenforceable, but reverse those portions which held it invalid and void, and return the matter to the trial court with directions to eliminate these portions from the final decree.
The appellees have attempted to raise three points in their brief, only two of which questioned rulings of the chancellor; one as to burden of proof and the other as to the mutuality of the contract. However, it does not appear that any cross-assignments of error have been filed by the appellees which would preserve these rulings and, therefore, same have not been considered by the court. See: Regero v. Daugherty, Fla. 1954, 69 So.2d 178; Fish Carburetor Corp. v. Great American Ins. Co., Fla.App. 1961, 125 So.2d 889; Florida Board of Pharmacy v. Hall, Fla.App. 1963, 157 So.2d 824; 2 Fla.Jur., Appeals, § 129.
Affirmed in part; reversed in part, with directions.