EASTMAN KODAK COMPANY, Appellant, Respondent, *v.* POWERS FILM PRODUCTS, INC., Respondent, Appellant, Impleaded with HARRY A. WARREN, Defendant.

Fourth Department, December 5, 1919.

**Injunction — unfair business competition — enforcement of Federal statutes against monopoly — suit to restrain disclosure of trade secrets — complaint — agreement of employee not to work for competitors — when such contract not against public policy — parties defendant.**

The courts of this State will not refuse to grant an injunction restraining an employee from disclosing trade secrets and from entering into the employment of the plaintiff's competitor in violation of his contract not to do so for a period of two years after the termination of his employment, upon the ground that the plaintiff is maintaining an unlawful monoply contrary to the so-called Sherman and Clayton Acts as has been determined by the Federal courts. The enforcement of said Federal acts is exclusively within the jurisdiction of the Federal courts and our courts of equity will not take cognizance of said acts as a basis for relief from any claimed violation thereof.

Where the plaintiff for many years has manufactured under certain secret trade processes which are not patentable, and has bound an employee by contract not to disclose his knowledge of said secret processes acquired during his employment by the plaintiff, and he has agreed that upon the termination of his employment he will not directly or indirectly, at any point in the United States, except in the Territory of Alaska, engage in that line of business as an employer, dealer or employee of another, the court in its equitable power will grant a temporary injunction restraining such employee from entering into the employment of another company which is organized for the purpose of competing with the plaintiff in the manufacture of its products and which has sought to induce the plaintiff's employees to enter its employment at higher wages, it being apparent that the defendant will necessarily gain knowledge of the trade secrets of the plaintiff from such employees. Under the circumstances the contract of the employee not to work for competitors of the plaintiff for a period of two years is not void as against public policy.

In such a suit it is sufficient for the plaintiff to allege the ultimate facts of the existence of the secret processes without disclosing its secrets in detail.

The company seeking to employ the plaintiff's employee in violation of his agreement is properly made a defendant in a suit for injunctive relief.

KRUSE, P. J., dissented in part, with memorandum.

APPEAL by the defendant, Powers Film Products, Inc., from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 1st day of October, 1919, denying defendant's motion for judgment on the pleadings.

Appeal by the plaintiff, Eastman Kodak Company, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 1st day of October, 1919, modifying a temporary injunction theretofore granted against the defendant.

*James S. Havens,* for the Eastman Kodak Company.

*George I. Ingraham,* for the Powers Film Products, Inc.

LAMBERT, J.:

This action is brought in equity to restrain the defendant Warren from entering the employ of the defendant Powers Film Products, Inc., and to restrain both defendants from the turning over by Warren to the defendant company of various trade secrets, etc. A temporary injunction was procured, containing a return date and upon the return, after amendment of the pleadings, the Special Term modified the injunction by eliminating therefrom the provisions restraining the defendant Warren from entering the employ of the defendant company and retention of the injunctive provisions as to the turning over of the trade secrets. The defendant Powers Film Products, Inc., also moved for a judgment upon the pleadings, so far as it was concerned, and the Special Term has denied that application. The Kodak Company appeals from the order modifying the injunction and the Powers Film Products, Inc., appeals from the order denying its motion for judgment.

The controversy grows out of the following facts: Upwards of ten years ago the defendant Warren entered the employ of the plaintiff in a minor position. During the course of his employment he has been gradually promoted until his present employment has been in the department having charge of the spreading of the emulsion upon films from which are made kodak films and motion picture films. The defendant Warren

entered this particular branch of the work in December, 1911, and has continued therein to the time of the commencement of this action.

The plaintiff is probably the largest manufacturer of raw film stock in the world. It has for years employed chemists and others skilled in that work to continue perfecting the processes for the making of such product. Such processes are not patentable and no effort is made to patent them. The plaintiff has, however, jealously guarded its processes so far as possible and maintained them as a secret asset, endeavoring in every way to prevent their reaching competitors. To this end, in October, 1915, it required the defendant Warren to execute an agreement attached to the complaint as Exhibit " A," reciting his employment, the turning over to him of knowledge of various processes and formulas, secret in character, and containing an agreement upon his part, among other things, that he would not disclose, either orally or in writing, to any person, any knowledge or information he might gain in the course of his employment, as to any processes of manufacture or formulas used by the plaintiff, and further, that upon the termination of his employment for the period of two years he would not directly or indirectly, at any point in the United States, except in the Territory of Alaska, engage in photographic business, either as manufacturer, dealer or employee, for another.

The defendant company was recently organized to engage in the manufacture of raw film products, similar in character to those manufactured by the plaintiff. It established its place of business in Rochester close to the place of business of the plaintiff. It solicited and received large orders prior to its actual venture in manufacturing. It then began an endeavor to hire away from the plaintiff various of its employees. The defendant Warren was not employed for any particular period of time, although he had, as before stated, been engaged with the plaintiff for upwards of ten years. The defendant company approached the defendant Warren with an offer for his employment, and such offer came to the knowledge of the plaintiff. One of plaintiff's officials then brought to the attention of the defendant company the contract above described. A conversation with the defendant Warren

developed from him that an offer of more compensation from the plaintiff would avail nothing, as the defendant company proposed to raise any offer made by the plaintiff, whatever it might be.

From the affidavits it is apparent that the purpose of the defendant company, in connection with its new venture in manufacturing, was to hire away from the plaintiff, irrespective of their contractual obligations, such of its experienced employees in this line of work as it might need in its business, thereby acquiring to itself the benefits of the training given by the plaintiff to these various employees in this line of work, thus starting with an experienced manufacturing organization.

The complaint fairly sets forth that the process of manufacture by the plaintiff has been evolved from years of study and at great expense and is maintained as a secret process. It also fairly shows that the course of employment and training of the defendant Warren has been such as to bring him in personal touch with and to give to him personal knowledge of all of the secret processes of manufacture and formulas entering into composition of plaintiff's product. This is the defendant Warren's line of work. Such knowledge as he has of it he has gained from the plaintiff. It is for this particular line of work that the defendant desires his services.

The propriety of the temporary injunction, so far as it concerns the turning over of trade secrets, is not before us, there being no appeal from that portion of the order. The Special Term has, however, held that the contract relative to entering into the employ of others in the like business, for the period of two years, is void, as against public policy, in that it undoubtedly restrains the liberty of the individual and prevents his gaining a means of livelihood, except in plaintiff's employ. (See *Eastman Kodak Co.* v. *Warren*, 108 Misc. Rep. 680.)

The defendant company also urges that the business of the plaintiff, as it is conducted, constitutes an unlawful monopoly as was recently so held in the Federal court and that to restrain this employment is to give the aid of this court to the perpetration of a line of conduct falling within the criminal anti-trust acts of the Federal government.

These two theories we may dispose of in inverse order. This court is not concerned with whether or not the plaintiff is a trust, within the meaning of the Sherman and Clayton Acts. · We have no province to enforce those acts and no jurisdiction to determine the. precedent fact of the existence of an unlawful combination. The Sherman Act is a criminal statute and provides within it for the means of its enforcement. Those means are exclusive and to the Federal courts alone is consigned the duty of enforcement of those provisions. The Clayton Act is supplementary to the Sherman Act and its scope is limited by the Sherman Act. (26 U. S. Stat. at Large, 209, chap. 647; 38 id. 730, chap. 323.)

The courts of this State are now committed to the holding that our equity courts will not take cognizance, as a basis for relief of any claimed violation, threatened or actually continuing, of either the Sherman or the Clayton Act. (*Venner* v. *N. Y. C. R. R. Co.*, 94 Misc. Rep. 671, 679; affd., 177 App. Div. 296, 326; affd., 226 N. Y. 583; *Locker* v. *American Tobacco Co.*, 121 App. Div. 443; *Wilder Mfg. Co.* v. *Corn Products Co.*, 236 U. S. 165.) In the *Venner* case a minority stockholder sought to prevent the consolidation of the New York Central with various other railroad systems upon the ground, among others, that such consolidation would violate the plain provisions of the Sherman and Clayton Acts. It was there held, all the way from Special Term to the Court of Appeals, that the State court had no province to inquire into that question; that such violation was a matter for the Federal courts and, probably, for the Federal government. Recognizing the fact that the Clayton Act provided for redress to individuals, it was still held that such redress was sought in the Federal court because of the fact that those acts provided their only means and place of enforcement. It would appear, therefore, that the argument relative to the character of business of the plaintiff, as falling within the anti-trust acts, is not properly addressed to this court.

This leaves the single question of the enforcement of the contract of employment. The cases are not all in harmony, nor easily to be reconciled, upon this question, yet within the cases of *Magnolia Metal Company* v. *Price* (65 App. Div. 276) and *McCall Co.* v. *Wright* (198 N. Y. 152) this contract

can be sustained, if it fairly appears that the failure to sustain it will work irreparable injury to the plaintiff.

In this connection the Special Term criticizes the complaint as being made up largely of conclusions rather than of facts. This criticism is unmerited. The plaintiff was not bound to spread its secrets in detail through a complaint in an action wherein it sought to preserve them inviolate. It is sufficient for it to allege the ultimate facts of the existence of processes, secret in character. Such pleading is not open to the criticism made. True, there is conflict in the affidavits as to the possisbility of there being much substance to the charge of secrecy. However, the plaintiff so charges in the complaint and that charge is substantiated by the affidavits filed. Upon a review of a preliminary consideration of rights, we should not attempt to definitely determine that question, for such determination may be most far reaching in the ensuing damage to the plaintiff. We must assume the existence of valuable secrets, both in process of manufacture and in the formulas entering into the composition of the various ingredients. We must also assume, upon these affidavits, that knowledge of the detail of each has come to the defendant Warren through his employment. In protection of its valuable trade secrets, the plaintiff has a right to require of Warren, as a part of the consideration of his employment, such reasonable contractual engagement upon his part as would reasonably insure the preservation to it of such trade secrets.

It is also apparent that the value of Warren's services to the defendant company arises from his experience while in the plaintiff's employ, growing out of the practical application of these trade secrets and not otherwise. It is because of his special training and special knowledge that the defendant company must necessarily involve his bringing to its aid such knowledge as he has and which is entirely developed in connection with these secret processes. In this view, if he is permitted to enter this employ, injunctive relief in form against the imparting of such special knowledge is more than likely to prove inefficient. The mere rendition of the service along the lines of his training would almost necessarily impart such knowledge to some degree. Warren cannot be loyal

both to his promise to his former employer and to his new obligations to the defendant company. Quite evidently it was exactly this situation which led to the making of the contract. We cannot say that the period of two years specified therein is unreasonable. Probably that lapse of time will have developed still further improvements and changes such as would render the knowledge now possessed by Warren more or less ineffectual in harm of the plaintiff. The contractual provision against his going into the photographic business is clearly aimed at preventing the acquisition by competitors of his special knowledge.

Affirmance of the modifying order being so likely to render nugatory in practical effect the injunctive province against the imparting of knowledge and the resulting damage to the plaintiff possessing such possibilities of serious interference with its lawful business and such extensive resulting damage, we should not, in advance of trial, give our sanction to Warren's taking his special training, dependent and interwoven as it is, with his special knowledge of the secret processes of the plaintiff, into the camp of a competitor obviously engaged in systematic effort to acquire to itself precisely that benefit. So important a question should not be determined upon affidavits.

For these reasons, I think the modifying order appealed from should be reversed in so far as appeal is taken and the injunction should be reinstated.

The appeal of the defendant company from the order denying its motion for judgment presents no serious difficulty. The retention in the restraining order of the injunctive relief, both against Warren and the company, respecting the turning over of trade secrets, justifies the retention of the defendant company as a party to this litigation and such retention is well justified by authority.

It is the defendant Film Products, Inc., which has created the situation giving rise to this litigation, and from every point of view it is a proper party, and injunction against it is appropriately sought.

All concurred, except Kruse, P. J., who dissented in a memorandum.

KRUSE, P. J. (dissenting):

I agree that the defendant Harry A. Warren should not be permitted to disclose any knowledge or information of the plaintiff's secret processes or formulas imparted to him while in plaintiff's employ, but I am unable to yield my assent to the enforcement of the provision of his contract of employment to the effect that he would not, within two years after leaving the plaintiff's employ, engage in any photographic business, either as manufacturer or dealer in photographic supplies, or as employee for another in connection with such photographic business anywhere in the United States, outside of Alaska. I think such a contract is against public policy and unenforcible.

It is true that we upheld a contract somewhat similar, as appellant contends (*German-American Button Company* v. *Gorham*, 171 App. Div. 974), but that was limited to States wholly or partly east of the Mississippi river and even that went a good way. I am not willing to extend the doctrine and include practically all of the United States and prevent a workman from following his line of work for a period of two years. If this can be done legally, a new and effective way has been devised which will enable an employer to practically subject a workman to involuntary servitude. This contract is for no stated time, although it should be said, in fairness to the plaintiff, that the defendant Harry A. Warren did not leave plaintiff's service on account of any disagreement respecting wages or working conditions, but on the contrary, the plaintiff is willing to meet any offer made to him by the plaintiff's competitors. But if this provision is unenforcible, Warren is under no legal obligation to remain in plaintiff's employ and is at perfect liberty to work for any one else.

I think the modification of the injunction should be sustained and the order affirmed.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and order granting temporary injunction reinstated.