DAVEY TREE EXPERT COMPANY, Plaintiff, *v.* ANDREW G. BACK, Defendant.

Supreme Court, Monroe County, July 9, 1930.

*Lapham, McGreevy & Ryan,* for the plaintiff.

RODENBECK, J. This action has been brought to enjoin the defendant from violating the provisions of a contract which he made with the plaintiff when he entered its employ. This contract

provided that within a year after severing his connection with the plaintiff, he would not enter the service of a competing company or work for any customer of the plaintiff for whom he had worked, within a radius of one hundred miles from any city where the plaintiff had an office. The defendant has defaulted in answering the complaint in this action, and it appears that he has entered the employ of a competing company doing business within one hundred miles of the city of Rochester, where the plaintiff has an office.

The founder of the plaintiff's business was the originator of so-called tree surgery, which now includes many other matters that relate to the protection and propagation of trees. The business of the plaintiff involves instructions to its employees to fit them for the performance of the services which it renders, and methods of operation, in relation to trees, that are more or less scientific, secret and confidential in character. This instruction and information was imparted to the defendant, who, after acquiring it, broke his contract and entered the employ of a competitor. The validity of the clause in the contract prohibiting the employee of the plaintiff from entering the service of another depends upon its reasonableness. In this instance, it is limited both as to time and territory, and, under the circumstances, is entirely reasonable. (*Eastman Kodak Co.* v. *Powers Film Products, Inc.*, 189 App. Div. 556.) The plaintiff should be protected against the use of the knowledge which the defendant acquired from the plaintiff and the methods of operation which it employs, both of which are of a secret and confidential character, unknown to its competitors.

Judgment should be granted restraining the defendant from violating the terms of the agreement which he made with the plaintiff.