Frisch Corporation, an Illinois Corporation, Plaintiff-Appellant, v. Luther F. Ezzell, et al., Defendant-Appellee.

Gen. No. 47,977.

First District, Second Division.

March 8, 1960.

Rehearing denied March 29, 1960.

Released for publication April 22, 1960.

Samuel Morgan, of Chicago, for plaintiff-appellant.

Ferdinand and Wenig, of Chicago (Leonard N. Wenig, of counsel) for defendant-appellee.

JUSTICE BURMAN delivered the opinion of the court.

Plaintiff sues in equity to restrain the defendant from engaging in a competitive business based on a restrictive clause contained in an employment contract. A motion for a temporary injunction was denied. Plaintiff appeals.

No evidence was presented by the parties. The decision of the trial court was based on the pleadings. The essential allegations in the complaint show the following:

Luther F. Ezzell, as President of Hydro-Lift Company, Inc., executed a contract on January 26, 1959, for the sale of his company to the plaintiff. Their business consisted exclusively of the manufacture, assembly, and sale of a unique device which had been designed and developed by Ezzell for the handling of steel coils. With the assistance of plaintiff's engineers and the use of plaintiff's facilities and finances Ezzell perfected this device. This special type of handling equipment was sold only to steel mills and steel warehouses on a nationwide basis. Among the inducements to purchase his company was the representation that Ezzell would enter plaintiff's employ and supply it with the technical skill and know-how required to manufacture the unique device and that Frisch would become the sole and exclusive manufacturer and distributor of this unique device.

The written agreement to purchase entered into on January 26, 1959, was attached to the complaint and recites that Frisch purchased "certain machinery, accounts receivable, work in process, inventory and other assets . . . including good will and the name 'Hydro-Lift Company.' "

The pertinent parts of the employment contract entered into between the parties on February 1, 1959, recite that:

135

"... Ezzell was formerly engaged in the manufacture of certain specialized materials handling equipment and devices ... [Frisch] has purchased and acquired all of the assets of Hydro-Lift Company, Inc. ... Ezzell was formerly the principal executive officer of [that company] ... [Frisch] proposes to engage in the manufacture of materials handling equipment and devices ... [Frisch employed Ezzell] as the general manager of its material division for a period of three (3) years ... Ezzell shall devote his entire working time ....

"... [Ezzell] shall not during the term of this agreement, nor for a period of one (1) year thereafter, engage or become interested in any other business, investment, or calling which is or may be contrary to the welfare, interest, advantage, or benefit of the Corporation. ... That this writing constitutes the whole agreement of the parties with reference to the employment ... all promises, undertakings, representations, agreements, understandings, and arrangements ... being ... merged."

On August 1, 1959, six months after this employment contract was entered into, Ezzell and others formed a firm for the purpose of assembling, fabricating, manufacturing and selling materials handling equipment of the same type and design as previously manufactured and sold by Hydro-Lift Company.

The injunction plaintiff seeks is to restrain Ezzell from violating his covenant and from disclosing the secrets acquired by him while in the service of defendant under his contract of employment.

Both parties agree that the basic issue presented is the validity of the restrictive covenant. The rights of the parties as to patents are not determined here. The universal decisions have established that every

136

contract of this kind must be judged according to its special circumstances.

The question on this appeal is whether the chancellor abused his discretion in denying the plaintiff an injunction. If the chancellor correctly decided the question of law there was no abuse of discretion.

Plaintiff relies on World Wide Pharmacal Distributing Co. v. Kolkey, 5 Ill.App.2d 201, and the cases cited therein; (Voices, Inc. v. Metal Tone Mfg. Co., 119 N. J. Eq. 324, 182 A. 880; Eastman Kodak Co. v. Powers Film Products, Inc., 189 App. Div. 556, 179 N. Y. S. 325; Irvington Varnish & Insulator Co. v. Van Norde, 138 N. J. Eq. 99, 46 A.2d 201, and Harrison v. Glucose Sugar Refining Company, 116 F. 304 (7th Cir. 1902)), which are cases where courts upheld restrictions to unlimited areas and periods of limitations as being reasonable. They involved a seller of a secret process or an employee who covenanted not to disclose or make use of a secret formula specifically identified in the agreement which was "wholly" acquired while in his employment.

In World Wide Pharmacal Distributing Co. v. Kolkey, 5 Ill.App.2d 201, we upheld a one year restrictive clause even though it extended to the entire United States. It involved a single pharmaceutical product known as "Kurvon" which contained an active ingredient known as "Galega." There the restrictive clause specifically recited "the business concerning the sale and distribution of any pharmaceutical product connected with the enlargement or growth of the female breast and any pharmaceutical product of a similar kind or nature as 'Kurvon.'" As it was said by Mr. Justice Lewe at p. 207:

". . . Kolkey is free to engage in any business in this State or elsewhere except the manufacture and sale of a pharmaceutical pill containing 'Galega.' The

allegations of the complaint clearly show that all the information defendant Kolkey has about the manufacture and sale of plaintiff's product 'Kurvon,' including the secret formula, was acquired while he was in plaintiff's employ, and at its expense."

In the instant case there was no restrictive covenant in the sale agreement of Hydro-Lift Co. Inc., but it was contained only in the employment contract. The restrictive clause does not single out the secret process sought to be enjoined as in the cases cited. Plaintiff argues that the "whereas" clause of the contract that "Ezzell was formerly engaged in the manufacture of certain *specialized* materials handling equipment and devices," substantiates that the business of Hydro-Lift Co., Inc. consisted exclusively of a unique device as alleged in the complaint. The facts adduced from the reading of the sale agreement and the employment contract do not bear out these conclusions.

■ The employment contract provides "this writing constitutes the whole agreement of the parties with reference to the employment of Ezzell . . . all promises, undertakings, representations . . . being herein merged." Frisch admits that Ezzell came into its employment with considerable knowledge of the alleged device. In Andrews v. Kingsbury, 212 Ill. 97, 100, it was said: "The law is well settled that contracts *in total restraint* of trade are void for the reason that they are injurious to the public, depriving it of the industry of the party restrained, and also because of the injury to the party himself by being deprived of the opportunity to pursue his avocation for the support of himself and family. . . ." (our italics).

■ Under the facts in this case we are convinced that the terminology of the restrictive clause is too sweeping and general. The restraint is much greater than necessary to protect plaintiff's business. In our

138

opinion it would be unreasonable under the circumstances to deprive Ezzell of the right to use his knowledge in the only industry in which he is skilled.

The trial court properly denied the motion for a temporary injunction. For the reasons stated, the judgment is affirmed.

Affirmed.

MURPHY, P. J., and KILEY, J., concur.