122 So.2d 232 (1960)
Kenneth FOUNTAIN and Miami Foam Products Co., a Florida Corporation, Appellants,
v.
HUDSON CUSH-N-FOAM CORP., a New Jersey Corporation, Appellee.
No. 59-701.
District Court of Appeal of Florida. Third District.
July 11, 1960.
Rehearing Denied July 27, 1960.
*233 Cypen & Salmon, Miami Beach, for appellants.
Claude Pepper Law Offices, Miami, for appellee.
HORTON, Chief Judge.
This interlocutory appeal seeks review of a temporary restraining order enjoining the appellant Fountain from employment with the appellant Miami Foam Products, and the disclosure to said appellant by Fountain of certain trade secrets gained through his employment with the appellee in the manufacture and sale of foam products. The appellant Miami Foam Products Co., an alleged competitor of appellee, was enjoined from employing Fountain and from using for its or anyone else's benefit the appellee's trade secrets acquired from Fountain.
The complaint of the appellee, a New Jersey corporation, sought certain temporary and permanent relief against appellants, and particularly appellant Fountain, upon the basis of a written agreement entered into between the appellee and Fountain in which the latter undertook and agreed not to divulge any trade secrets, processes, etc., which he had acquired through his employment with the appellee, and further agreed that for a period of one year following the termination of his employment with the appellee, he would not engage in the same or similar business. The complaint also alleged that the appellee and its affiliated companies were engaged in the manufacture and sale of polyurethane foam products throughout the United States and had in the course of time invested large *234 sums of money in research and development of processes and machinery for the manufacture of polyurethane foam; that the processes, machinery, etc., were of a unique character and design and were confidential trade secrets developed by the appellee. It was further alleged that Fountain had been employed by appellee first, as an assistant production supervisor and later as chief production supervisor, in which position he gained and acquired knowledge of the unique and secret processes of the appellee; that Fountain had severed his employment with the appellee and had assumed employment with the appellant Miami Foam Products Co. and would, unless restrained, reveal or disclose to Miami Foam Products Co. the trade secrets of the appellee, and as a result thereof, the appellee would suffer irreparable damage. The complaint went further to allege that a similar action on the written contract between the appellee and Fountain had been instituted in the New Jersey courts resulting in a temporary restraining order against Fountain and that the appellant Miami Foam Products Co. was well aware of Fountain's prior employment with the appellee and that a copy of the New Jersey restraining order had been served by registered mail upon Miami Foam Products Co. shortly after its rendition. An affidavit of the vice president of the appellee corporation was attached to the complaint as well as a copy of the agreement between the appellee and the appellant Fountain.
Upon appeal, the appellants' main contention is that the temporary injunction, restraining Fountain's employment, is unreasonable because of the absence of a showing of a territorial limitation. It is not urged that the absence of a territorial limitation renders the contract void ipso facto, but the fact that the contract contains no territorial limitation, the appellee should be compelled to allege facts sufficient to show that the absence of such limitation was reasonable. We conclude that this contention is without merit. The complaint alleges the manufacture and sale of foam products throughout the United States. We deem it an issue of fact as to whether or not the contract sought to be enforced was reasonable under the circumstances. See Carter v. Alling, C.C. 1890, 43 F. 208. Although the appellants have not attacked that portion of the temporary injunction enjoining the disclosure of trade secrets, nevertheless they seek to differentiate between a restrictive covenant against employment in a competitive business and the imparting of trade secrets to the new employer. Since Fountain's employment by the appellee was the occasion for his acquiring knowledge of the appellee's trade secrets and manufacturing processes, it would seem logical to assume that his employment by a competitor of the appellee would eventually result in a disclosure of this information. Cf. Eastman Kodak Company v. Powers Film Products, 189 App.Div. 556, 179 N.Y.S. 325. In short, we think that his knowledge of the trade secrets would be so entwined with his employment as to render ineffective an injunction directed only toward a prevention of disclosure. The injunction being temporary in character is subject upon final hearing to dissolution or continuance as the circumstances and facts developed indicate or require.
The appellants' other contentions have been examined but appear to be without merit.
Concluding as we have that the temporary injunction was not without sufficient basis, it follows that the order appealed should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., J., concurs.
PEARSON, J., dissents.