LILES, Judge
(dissenting).
I must respectfully dissent from the majority opinion. The case of McQuown v. Lakeland Window Cleaning Co., Fla.App.1962, 136 So.2d 370, was a case wherein McQuown entered into a contract not to compete with Lakeland Window Cleaning Co. The covenant was specifically limited to Polk County, Florida, for a period of five years. There the Chancellor simply reduced the time from five years to one year.
The conclusion of Fountain v. Hudson Cush-N-Foam Corp., Fla.App.1960, 122 So.2d 232, cited in the majority opinion, is also distinguishable. There the court said that the absence of a territorial limitation does not in and of itself invalidate the agreement. It should be noted, however, that the complaint in Fountain alleged a territory, namely, the manufacture and sale of certain products throughout the United States. The complaint in the instant case makes no allegation as to territory.
Appellants’ main argument in its brief is that there is a reasonable territorial limitation, that territory being the “customer area.” This argument may have merit as it pertains to the part of the contract which says that appellee cannot solicit old customers of Gulf Coast Refractory. However, I would point out that there is another separate paragraph in the contract which does not mention old customers. This paragraph provides that Green will not go into any competing business and in my opinion this portion of the contract does not comply with the Florida Statute.
For these reasons I would affirm the trial court’s dismissal of the complaint.