# ORKIN EXTERMINATING COMPANY, INC. v BLACK
## Case No. 87-17471-CA
Fourth Judicial Circuit, Duval County
January 24, 1988

**APPEARANCES OF COUNSEL**

**Harold B. Wahl, Wahl and Gabel,** for plaintiff.
**Tracy S. Black** pro se.

**OPINION OF THE COURT**

JOHN S. COX, Circuit Judge.

*PRELIMINARY INJUNCTION*

Plaintiff having filed herein its Complaint for Injunction and equitable relief, under F.S. 542.33 and other applicable law, to restrain defendant from violating certain noncompetitive conditions embraced

within his employment contract, this matter having come on to be heard after due notice on Plaintiff's application for Preliminary Injunction, the Court having heard sworn testimony, and the Court having considered the matter and being fully advised in the premises, it is thereupon:

ORDERED, ADJUDGED and DECREED:

1. The equities of the cause are with the Plaintiff.

2. The Plaintiff is entitled to injunctive relief.

3. Defendant entered the employment of the Plaintiff under an employment contract, under which contract, as a condition of and in return for continued employment, and to preserve the Plaintiff's lists of customers and other trade secrets, Defendant specifically agreed not to compete with Plaintiff as hereinafter set forth.

4. Defendant has violated said employment contract, and since termination of his employment with Plaintiff, has engaged in the pest control and exterminating business, specifically contrary to the terms of his employment contract. He has refused Plaintiff's oral demand that he discontinue such activity.

5. As held in *Orkin v. Bargg,* (Fla. CC 1964), 23 Fla.Supp. 124; *Orkin v. Newton,* (Fla. CC 1982) 50 Fla.Supp. 175; and *Orkin v. Waits,* (Fla CC 1982) 4 Fla.Supp.2d 50, decided by the Circuit Court of Duval County, Florida, and as this Court holds here:

"And the Court finds as a matter of law that F.S. 542.12 specifically authorizes such an employment contract as the one here under which the 'employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area — so long as such employer continues to carry on a like business therein'. The Court further finds that the validity of this Florida Statute, as applied to a situation comparable to the one before the Court has been upheld, among other cases, in *Atlas Travel, Inc. v. Morrelly Lakeland Window Cleaning* (Fla. DCA 2 - 1962), 136 So.2d 370; *Tasty Box Lunch Co. v. Kennedy Hudson,* ((Fla. DCA 3 - 1960), 121 So.2d 52; *Fountain v. Hudson,* (Fla. DCA 3 - 1960), 122 So.2d 232; *Barry v. Plastridge,* (Fla. DCA 2 - 1962), 141 So.2d 636; and *Approved Personnel v. Herman,* (Dade CC 1961), 19 Fla.Supp. 19. See also the Annotation at 41 ALR2d 102 and *Orkin v. Truly Nolen* where reference is made to trade secrets and customer's lists; and recent cases where Orkin employment contracts similar to that here were upheld and injunctions similar to

that sought here were granted, i.e., *Orkin v. Marchant* (Ga. Sup.Ct. 1962), 127 S.E.2d 796, and *Orkin v. Veal* (Texas Civ. Ct. of App. 1962), 355 S.W.2d 831."

See *Orkin v. McKendree* (CC Duval 1971), 35 Fla.Supp. 191, and *Orkin v. Newton, supra,* in each of which it is stated:

"A contract of this type has been upheld by the Supreme Court of Florida in *Capelouto v. Orkin,* (Fla. 1966), 183 So.2d 532. That case involved the same plaintiff and the same kind of contract here involved. It covered not several counties as here, but 16 counties, and upheld a two year period as being reasonable. Other cases to the same effect include: *Orkin v. Bargg,* (Duval CC 1964), 23 Fla.Supp 124; *Orkin v. Howell,* (Volusia CC 1966), 28 Fla.Supp.1; *Orkin v. Lefkowitz* (Fla. DCA 3 0 1964), 169 So.2d 336; *Fogle v. Orkin,* (Fla. DCA 2 - 1964), 168 So.2d 153. See also 22 Fla. Jur., Monopolies § 22.

"It is the contention of Defendant that merely acting as a service-man instead of a salesman is not sufficient to invoke F.S. 542.12 authorizing this type of noncompetitive agreement, and the principles of the cited Florida cases.

*"The court expressly holds, however, that acting as a serviceman for a competing pest control company is a direct violation of the contract and falls within the purview of the above cited statutes and authorities."* (Underscoring added.)

6. Plaintiff's Motion for Preliminary Injunction be, and the same is hereby granted, and Defendant be, and he is hereby, enjoined and restrained from, and he shall not, either directly or indirectly, for himself or on behalf of in conjunction with any other person, persons, company, partnership, or corporation, under further order of the Court:

(a) Call upon any customer or customers of the Plaintiff for the purpose of soliciting, servicing or selling any pest control, extermi-nating, fumigating or terminate control service, including, without limitation, lawn care and maintenance, for the eradication or control of, rats, mice, roaches, bugs, vermin, termites, beetles or other insects, rodents and birds;

(b) Directly or indirectly, alone or in any capacity, solicit or in any manner attempt to solicit or induce any person or persons employed by the Plaintiff or any parent, subsidiary or affiliated corporation to leave such employment for purpose of engaging in such prohibited activities, or

**13**

(c) Divert, solicit, service, or take away any customer or customers of the Plaintiff for the purpose of selling a service for eradication or control of, without limitation, rats, mice, roaches, bugs, vermin, termites, beetles or other insects, rodents, or birds, within the territory; or

(d) Engage in the pest control exterminating, fumigating or termite control business;

Anywhere within the following jurisdictions or territories: the Counties of Duval, Clay, and St. Johns, all in the State of Florida, or within any jurisdiction or territory in which the employee worked for the Company at any time during the six (6) calendar months preceding termination of employment, and identified in an employment agreement with the Company.

7. This Preliminary Injunction shall take immediate effect, provided Plaintiff shall file with the Court within two (2) days a bond in the amount of $1,500, conditioned to pay any damages which Defendant may sustain in the event this Preliminary Injunction shall be found to have been improperly issued.

8. The Court shall consider later the imposition of attorneys fees and costs against Defendant, as provided in the employment contract.

DONE and ORDERED in Chambers at Jacksonville, Duval County, Florida, this 24th day of January, 1988.