MARCO M. FINTZ and Another, Individually and as Copartners, Trading under the Firm Name and Style of SUNSHINE CHRISTMAS TREE OUTFIT COMPANY, Appellants, *v.* NESSIN LEVY and Others, Respondents.

First Department, November 4, 1927.

**Trade-marks and trade names — unfair competition — individual defendants sold business to plaintiffs and entered into negative covenant — thereafter individual defendants and others formed competing corporation — agreement did not bind plaintiffs to employ individual defendants — injunction pendente lite granted against individual defendants.**

The individual defendants in this action, and others, who were engaged in a business similar to that carried on by the plaintiffs, sold their business to the plaintiffs and entered into a negative covenant which bound them not to enter into the same business either directly or indirectly for a specified term of years. This action is to restrain the individual defendants and the corporation organized by them and others for the purpose of competing with the plaintiffs, from carrying on the business in competition with plaintiffs' trade.

The contention of the individual defendants that plaintiffs were required to employ them in their business is not sustained by the contract of sale, which provides merely that the plaintiffs might engage the individual defendants in their business.

The pleadings and affidavits show a clear breach of the restrictive covenants on the part of the individual defendants, and, therefore, the plaintiffs are entitled to an injunction *pendente lite* against them.

APPEAL by the plaintiffs, Marco M. Fintz and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 5th day of August, 1927, denying plaintiffs' motion for an injunction *pendente lite.*

*Lewis Nadel* of counsel [*Benjamin Levine,* attorney], for the appellants.

*Garson Baldwin,* for the respondents.

McAvoy, J.   The complaint and affidavits of plaintiffs show in effect: That plaintiffs are copartners trading under the firm name and style of Sunshine Christmas Tree Outfit Company, and prior to April, 1927, occupied a loft at 72–76 Greene street, Manhattan borough, New York city.   They were manufacturers of Christmas tree outfits.   In the early part of April, 1927, plaintiffs, desiring to expand their business, entered into negotiations with the individual defendants and Isaac Levy, Solomon Levy and Abraham Levy, who were engaged in a similar business under the style of Levy Brothers at No. 461 Broome street, New York city, and with defendants Morris Levy, Nessin Levy, Israel Levy and one Joseph B. Levy, trading in a like business under the style of Atlas Electric Manufacturing Company, at No. 461 Broome street, New York city, with a view of buying them out, since Levy Brothers and the Atlas Electric Manufacturing Company " had a big following and were very well known in the trade; " that the said firm of Levy Brothers actually had no factory but had a great number of in and out of town customers and for that reason plaintiffs were desirous of purchasing their good will, while the Atlas Electric Manufacturing Company had machinery and fixtures appraised, by agreement, at $400 and merchandise worth, also as per agreement, $2,600; that said negotiations terminated on the 29th day of April, 1927, in the purchase, by the plaintiffs from the individuals composing the firms of Levy Brothers and Atlas Electric Manufacturing Company, of the said good will for $7,000 and the said machinery, fixtures and merchandise for $3,000, both of which sums of money were paid simultaneously with the execution and delivery of said exhibits by the sellers to the plaintiffs; that in said exhibits  the individuals composing the said two selling concerns, for and in consideration of the said sums of money paid to them and " as an inducement to the bringing about of such sale," duly agreed " not to re-establish, re-open or be engaged or in any manner become interested, directly or indirectly, either as an employee, as owner, partner (dormant or otherwise), as agent, as stockholder, director or officer of a corporation, or otherwise, in any business, trade or occupation similar to the business hereby sold, within the United States or any territory thereof except   *   *   *   the State of Utah for a term of four years from date hereof; " that immediately after the consummation of such

purchase and sale plaintiffs moved their entire plant into the loft formerly occupied by their sellers and leased and equipped an additional loft at the said Broome street address; that said Levy Brothers, with the exception of defendants Nessin Levy and Israel Levy, entered into plaintiffs' employ at the prevailing wage rates, but these two defendants refused said employment stating that, as they had some money," they wanted to go into some other business; " that thereafter and in the month of June, 1927, plaintiffs ascertained that the individual defendants sued herein and the remainder of the Levy brothers (with the exception of Joseph B. Levy), in conjunction with a number of other individuals, formed a corporation under the name of the defendant Rainbow Electric Manufacturing Co., Inc., " for the purpose of manufacturing Christmas tree outfits at No. 79 Grand Street," Manhattan, New York city; that all of the said vendors, with the exception of Joseph B. Levy, were employed by the newly-formed corporation. There is no denial of this employment.

The corporate defendant denies that the sellers are interested in the said corporation. The individual defendants do not deny that they, in breach of the aforesaid covenant, are employed by the corporate defendant in a business similar to the one sold to plaintiffs and for the good will of which the sellers received $7,000, but they seek to justify their admitted breach by the claim that, at the time of the aforesaid sale, plaintiffs agreed to employ each of the sellers at $75 per week and that they have refused so to do.

The clause with respect to employment reads: " It is hereby understood, however, that the parties of the first part [sellers] may be engaged by the parties of the second part [purchasers] if the parties of the second part so desire or may be engaged in a similar business if they receive the written consent to do so from the party of the first part and not otherwise."

We think that the plaintiffs have shown a clear breach of the restrictive covenants, and since such breach is virtually admitted, they became entitled to an injunction *pendente lite* against the individual defendants.

While they hold the money of plaintiffs, defendants refuse to carry out their bargain to refrain from competing with plaintiffs as employees in a similar business and are thus within the prohibition of their own covenant.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.