EAGLE PENCIL COMPANY, Plaintiff, *v.* ERNEST JANNSEN, Defendant.

Supreme Court, New York County, December 13, 1929.

*Herman Goldman* [*E. Turk* of counsel], for the plaintiff.

*B. Barber* [*D. S. Elkins* of counsel], for the defendant.

CALLAHAN, J.   The defendant in this case was employed under a written contract which ran from week to week and provided that the defendant should not be employed in a similar business to that of plaintiff's in any place in the United States of America for a period of five years from the time that his employment with the plaintiff ceased.   It appears that the defendant's employment consisted of work as a draftsman and engineer and that he was required to make drawings of all of plaintiff's machinery during the number of years that he worked for the plaintiff, thereby becoming thoroughly familiar with their process of manufacturing pencils and the machinery used in connection therewith.   A number of steps in the plaintiff's processes with respect to different types of pencils have been kept secret by the plaintiff.   This action is to enjoin the defendant from, *first,* either revealing such secret processes, and, *second,* taking employment in any business similar to that of plaintiff's for a period of five years.   At the close of the trial the court stated that it was prepared to find the facts above outlined and to enjoin the defendant from revealing any secret which he had

learned in connection with his work for the plaintiff, but reserved decision solely on the question of issuing an injunction against defendant being employed in a similar business, in order to determine whether the negative covenant in the contract was too broad. Defendant relies mainly upon the decision of *Kaumagraph Co.* v. *Stampagraph Co.* (235 N. Y. 1) and that of *Clark Paper & Mfg. Co.* v. *Stenacher* (236 id. 312) to sustain his contention that a covenant as broad as that herein involved will not be enforced. Upon examination of the authorities I see no reason why the injunction prayed for should not issue. The contract of employment here was a definite one for a limited time and the work permitted the obtaining of plaintiff's secrets by defendant, and it is thus quite readily distinguishable from those in the cases cited. It is true that the present contract was merely one from week to week and that the courts are reluctant to enforce restrictive covenants against employees going into similar businesses where made in connection with an employment of such short duration. However, this defendant continued in the employ of the plaintiff for a number of years after the written contract was entered into, and his work permitted him to learn the secrets of the plaintiff's business. Therefore, to attempt merely to enjoin the defendant from revealing such secrets, but permitting him to be employed by other pencil companies in the face of his covenant not to be so employed, would, in my opinion, under the circumstances herein tend to endless litigation in order to determine whether defendant was revealing such secrets.

Judgment for plaintiff as prayed for in the complaint. Submit decision and findings.