150 So.2d 460 (1963)
Shepard W. DAVIS, Appellant,
v.
EBSCO INDUSTRIES, INC., Appellee.
No. 62-366.
District Court of Appeal of Florida. Third District.
February 26, 1963.
Rehearing Denied March 19, 1963.
*461 Levey & Sirkin, Miami, for appellant.
Creel & Glasgow, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by the defendant from a final decree enjoining and restraining the defendant, until January 1, 1973, from entering into or being connected with any magazine publication or subscription agency anywhere in the world unless such magazine business is paid for and entered *462 through the plaintiff, except for orders from Florida residents; and further enjoining the defendants, until January 1, 1973, from engaging in any business activity of any kind similar or identical to the recreational equipment business being carried on by a division of the plaintiff wherever military installations of the United States or United Nations may be located.
The defendant and his wife were members of a partnership engaged principally in the business of soliciting and selling subscriptions for magazines, books or periodicals. On April 6, 1953, the defendant sold his business to a predecessor of the plaintiff for $75,000.00, of which $3,000.00 was allocated to office furnishings and $72,000.00 to good will. Two contracts were signed on that date, the first containing a provision by which the defendant agreed not to compete for a period of 20 years in certain business activities previously engaged in by him, principally the solicitation and sale of magazines and periodicals, and the second containing the same provision and in addition, providing for employment of the defendant by the plaintiff for a period of five years, as manager. Both contracts extended to an area within or outside the territorial limits of the United States or where any United States or United Nations military personnel are stationed.
On April 1, 1958, the date the employment contract ended, the parties entered into a third agreement, a franchise agreement, wherein it was provided that the defendant would operate independently of the plaintiff, for five years, remitting orders through the plaintiff. The defendant was to receive a certain percentage of the profits depending upon the publication sold. This agreement incorporated by reference that paragraph of the April 6, 1953 employment contract wherein the defendant agreed not to compete with the plaintiff for twenty years in the areas previously mentioned but expressly interpreted such paragraph as now allowing the solicitation and sale of magazines by the defendant so long as the subscriptions were "paid for and entered through" the plaintiff. In addition, this new contract provided that the defendant would not compete with any business now being carried on by a certain division of the plaintiff.
About two years after this third agreement was executed, the defendant elected to cancel said agreement in accordance with its terms, and thereafter, the defendant resumed the solicitation and sale of magazines in Florida and other states.
The plaintiff then filed this action seeking to enjoin the defendant from violating the covenants not to compete with plaintiff as contained in the above mentioned agreements. The defendant answered admitting the execution of the contracts but alleging that the covenants not to compete were unreasonable, illegal, and against public policy.
On final hearing, the chancellor entered the final decree described in the first paragraph of this opinion. The defendant appealed contending that the restrictions were against public policy as they were too long in duration and too broad in area; and further, that the third agreement merged all prior agreements and terminated when cancelled by the defendant pursuant to its terms. The plaintiff contends that the final decree was properly entered but asserts, by cross-assignment of error, that the injunction should not have excluded Florida from its scope.
The first question for our determination is whether this particular covenant not to compete, as contained in the third agreement, is valid. In making this determination we are governed by the laws of New York since the language of the covenant in question was extracted from the employment contract, which the parties had agreed would be controlled by New York law. This clear intention that New York law control the validity of this contract, coupled with the fact that the contract *463 was substantially connected with New York in that the headquarters of the business was and still is located there, warrants the application of New York law.[1]
While New York has a statute[2] declaring contracts or agreements for monopoly or in restraint of trade illegal and void, this statute is aimed at agreements for monopoly or in restraint of trade between different manufacturers or merchants engaged in a particular business and does not apply to a situation where the agreement is only between a single company and certain individuals.[3] Further, the rule that covenants restraining one from entering into certain employment will not be enforced where the services are not special, unique, or extraordinary does not apply where the restrictive covenant is made in connection with the sale of a business.[4]
This leaves us with the question of whether this particular covenant was reasonable under the facts presented.
In the case of Goldstein v. Maisel, supra, a covenant by a former partner in a shoe stamping business not to compete for twenty years was enforced by the court. Since the parties had failed to designate an area in which the restriction was to operate, the covenant was enforced as was necessary to protect the remaining partners from competition from the retiring partners.
In Kolton v. Dinetz, 19 Misc.2d 1084, 191 N.Y.S.2d 175 (1959), a ten year covenant not to compete "within the States of New York, New Jersey, Pennsylvania and all of the New England States" was considered enforceable.
In Fintz v. Levy, 221 App.Div. 583, 224 N.Y.S. 494 (1927), a covenant not to compete for four years anywhere in the United States, except Utah, was enforced where such covenant was contained in a contract for the sale of a Christmas Tree outfit manufacturing business, and its good will.
In Eagle Pencil Co. v. Jannsen, 135 Misc. 534, 238 N.Y.S. 49 (Sup.Ct. 1929), a draftsman and engineer of machinery for manufacturing pencils was enjoined from working in similar businesses anywhere in the United States for five years after his employment with the plaintiff ceased.
For numerous cases wherein covenants of unlimited scope as to area were enforced, including New York decisions, see 46 A.L.R.2d 385. For cases, including New York decisions, wherein restraints for unlimited duration were enforced see 45 A.L.R.2d 257.
The intention of the parties to this agreement was clear and unambiguous. The covenant not to compete was freely entered into as the result of the sale of the defendant's business to the plaintiff. The contracts in question were carefully drawn and the parties were adequately represented by counsel in their negotiations and the subsequent execution of the agreements. The consideration paid for the good will associated with the defendant's business was substantial.
While the results of these agreements may be harsher than the defendant anticipated, we conclude that they are valid under New York law.
The next question is whether these agreements should be enforced by Florida courts. As a general rule, if the enforcement of a contract is contrary to *464 public policy of the forum, or place where enforcement is sought, it need not be enforced.[5] The public policy of this state is declared in § 542.12, Fla. Stat., F.S.A., as follows:
"§ 542.12 Contracts in restraint of trade invalid; exceptions
"(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsection (2) and (3) hereof, is to that extent void.
"(2) One who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction. * * *"
This section condemns contracts under which persons are restrained from pursuing a lawful trade or business except that persons who sell the good will of a business or shareholders who sell their stock in a corporation may agree to desist from engaging in a similar business within a reasonable limited time and area. If the facts are such as to bring the case within this exception (as in the present case) the chancellor may in his discretion enforce it by injunction.
In McQuown v. Lakeland Window Cleaning Co., Fla.App. 1962, 136 So.2d 370, it was held that the chancellor did not exceed or abuse his authority in enjoining the defendant from competing with his former employer for one year, despite the fact that he had voluntarily executed a covenant not to compete for five years.
In the instant case, the chancellor obviously determined that the covenant not to compete in the subscription business unless such business was paid for and entered through the plaintiff, having been operative since April 1, 1958, should not be enforced in Florida at this time. We must assume that the chancellor concluded that the covenant was unreasonable when extended beyond this time and therefore, enforcement at this date would be contrary to the public policy of Florida. We can not say that the chancellor abused his discretion in so holding.
This decision recognizes the substantive right which the plaintiff holds under New York law but merely refuses to enforce it as to magazine sales made within Florida to bona fide Florida residents or business firms with a bona fide location or office in Florida. The plaintiff is free to seek enforcement of his rights elsewhere.
The chancellor, also granted complete injunctive relief until 1973, as to any business activity similar to the recreational equipment business being carried on by Military Service Co., a division of the plaintiff.
We find this ruling to be inconsistent with the ruling as to the magazine sales. Both covenants are of the same duration and cover approximately the same area. If one be unenforceable as against the public policy of this state, so should the other. We so hold.
*465 Other contentions raised by the parties have been considered and found to be without merit.
Accordingly, we hold that the agreements are unenforceable within this state after the date of final decree appealed.
Affirmed in part; reversed in part.
NOTES
[1] See 13 Syracuse L.Rev. 268, 1961-1962.
[2] New York General Business Law, §§ 340-347.
[3] Light Corrugated Box Corp. v. Southern Kraft Corp., 20 N.Y.S.2d 66 (Sup. Ct. 1940).
[4] DeBello v. Stackliff, 149 N.Y.S.2d 61 (Sup.Ct. 1956); Goldstein v. Maisel, 271 App.Div. 971, 67 N.Y.S.2d 410 (1947).
[5] May v. Mulligan, 36 F. Supp. 596 (D.C. Mich. 1939), aff'd per curiam 117 F.2d 259, (6th Cir.1940), cert. denied 312 U.S. 691 (1940), 61 S.Ct. 622, 85 L.Ed. 1127. See Goodrich, Conflict of Laws, § 11, Pages 21-22; Laflar, Conflict of Laws, § 126, Page 241.