MILLER *v.* FRANKFORT BOTTLE GAS, INC.

[No. 19,940. Filed December 1, 1964.]

*Stewart & Richardson,* of Lebanon, and *Robison & Robison,* of Frankfort, for appellant.

*Harker, Irwin, Campbell & Hardesty,* of Frankfort, for appellee.

COOPER, J.—This cause is an appeal from a proceeding in equity, for injunctive relief seeking to restrain the appellant from engaging in activities alleged to be in competition with the appellee in Clinton County.

It appears from the record that appellant Miller is a former employee of the appellee, Frankfort Bottle

Gas, Inc., a corporation engaged in the installation of bottle propane gas tanks, heating equipment, tanks for dryers, the hauling of bulk ammonia, servicing of stoves and water heaters, and the sale and delivery of bottle and bulk propane gas.

A concise statement of the pertinent evidence reveals that the appellant became employed by the appellee prior to October, 1957. On October 15, 1957, the parties entered into a written contract which reads as follows, (omitting caption and signature thereof):

> "In consideration of training on bulk bottle gas, and in cylinder bottle gas, and in consideration of training and accesses to customer routes by Frankfort Bottle Gas, Inc., I, Bert Miller, do hereby agree not to compete in anyway which will damage the interests of Frankfort Bottle Gas, Inc., for a period of five (5) years. And I, Bert Miller, do further agree not to compete with Frankfort Bottle Gas, Inc. within the boundaries of Clinton County for the same period of five (5) years from the termination of employment with Frankfort Bottle Gas, Inc."

Prior to the execution of the above contract, the evidence also shows that the appellant, as an employee, was being trained by the appellee in the proper operation of a bulk tank delivery truck preparatory to assigning appellant to a delivery route. The training consisted primarily of safety procedures which appellant learned in about a week's time. Thereupon, the appellant began making deliveries to all the firm's regular customers, which numbered around one hundred and fifty.

In February, 1961, the appellant severed his employment with appellee and went to work for another bulk gas firm in the adjoining county (Tippecanoe), and subsequently began calling on his former customers within Clinton County, although it is uncertain whether any

customers severed business relations with the appellee due to the appellant's solicitation. It was this activity which the appellee sought to enjoin, and which was temporarily enjoined by the Clinton Circuit Court on April 28, 1961. On May 19, 1961, the cause was venued to Boone County. Thereafter, the Boone Circuit Court issued a permanent injunction in favor of the appellee against the appellant. The pertinent part of the injunction entered by the court reads as follows:

" . . . that the defendant, Bertie C. Miller, be and is hereby enjoined and prohibited from direct or indirect solicitation of, or sales to customers or purchasers of bulk bottle gas and/or servicing in connection with purchase of bulk bottle gas in Clinton County, Indiana, and/or from becoming employed by or associated with a business which sells or services bulk bottle gas in competition with plaintiff, Frankfort Bottle Gas, Inc., in Clinton County, Indiana, excepting only such association as would limit the defendant's services to such a competing business to and within areas outside of Clinton County, Indiana, but in any event no longer than February 15, 1966. . . . "

Appellant's motion for a new trial averring the insufficiency of the evidence and that the decision is contrary to law was overruled. The appellant appealed to this court, assignment as error the ruling on the motion for new trial.

It is the contention of the appellant that the foregoing contract is so ambiguous that it is not enforceable by injunction; that the restriction is such as to make the contract hard and oppressive and therefore unreasonable and unenforceable in a court of equity; that there is no legitimate interest of the appellee to protect, and the restraint sought is unreasonable and against public policy. As we interpret the questioned contract, the appellant, in consideration of training and access

to the customer routes of the appellee, Frankfort Bottle Gas, Inc., covenants that he will not, for a period of five years, compete with the appellee within the boundaries of Clinton County upon the termination of employment with said Frankfort Bottle Gas, Inc.

It is fundamental that one who executes a contract of a certain character is bound by its terms even though he meant something different and thought the words conveyed his meaning. A court must give effect to the meaning and intent of the parties as expressed in the language of their contract. This we are of the opinion the trial court correctly did by his language in the injunction. In absence of anything to show legal impediment to prevent their entering into any contract they see fit or expressing it in the language of their own choice, the rights of the parties must be determined according to the contract. The sole duty of a trial court in a proceeding, such as before us, is to determine what is meant by the language of the instrument. In other words, the object to be attained in interpreting a contract is to ascertain the meaning and intent of the parties as expressed in the language used. See *Jenkins* v. *King* (1946), 224 Ind. 164, 65 N. E. 2d 121; 12 Am. Jur., *Contracts*, §20, p. 517 and §§226 and 227, p. 745 *et seq.*; *Western & Southern Life Ins. Co.* v. *Vale* (1938), 213 Ind. 601, 611, 12 N. E. 2d 350; *Walb Construction Co.* v. *Chipman* (1931), 202 Ind. 434, 441, 175 N. E. 132; *Evans* v. *Consumers' Gas Trust Co.* (1891) (Ind.) 29 N. E. 398; 31 L. R. A. 673; *The Continental Insurance Company* v. *Vanlue* (1890), 126 Ind. 410, 416, 26 N. E. 119; 10 L. R. A. 843.

Further, we cannot agree with the appellant's contention that the restriction is such as to make the contract hard and oppressive, unreasonable and unenforceable in a court of equity.

It affirmatively appears that the geographical area encompassed by the covenants is Clinton County. A review of the authorities reveals that an entire county has been held to be a reasonable area of restriction. *Beatty* v. *Coble* (1895), 142 Ind. 329, 41 N. E. 590; *Buanno* v. *Weinraub* (1948), 226 Ind. 557, 81 N. E. 2d 600; *Bennett* v. *Carmichael Produce Co.* (1917), 64 Ind. App. 341, 115 N. E. 793.

The third aspect of the appellant's contention of the contract here in question deals with the proposition that there is no legitimate interest of the appellee to protect and the restraint sought is unreasonable and against public policy.

The general rule of law in Indiana is that restrictive covenants in restraint of employment between an employer and an employee are enforceable by injunction where they are: (a) reasonably necessary for the protection of the employer's business; (b) not unreasonably restrictive upon the employee's rights; and (c) not against public policy. *Grand Union Tea Company* v. *Walker* (1935), 208 Ind. 245, 195 N. E. 277; *Welcome Wagon, Inc.* v. *Haschert* (1955), 125 Ind. App. 503, 127 N. E. 2d 103; *Ebbeskotte* v. *Tyler* (1957), 127 Ind. App. 433, 142 N. E. 2d 905.

In reviewing the evidence most favorable to the appellee it appears without dispute that the appellant's job required a knowledge of the transportation of a highly volatile and dangerous substance, but, most importantly, he had a personal relationship with the customers with whom he dealt. It was testified that there is no essential difference between the appellee's product and that of its competitors, and that, as a result, the appellee depended essentially on *service* for its customers.

The customers dealt with the appellant directly. In

fact, he was normally the only one in appellee's firm with whom they had a personal, face-to-face relationship. There was testimony to the effect that several customers had stopped dealing with the appellee following the appellant's employment by the competitor firm, Dolbow Gas, and that the appellant had called them. The personal relationship between the appellant and the customers was evidently of sufficient strength to bring about the loss of several customers, although, according to testimony, customers apparently change from one bulk gas to another only rarely.

To us, the conclusion is inescapable that the covenant as enforced by the foregoing injunction was reasonably necessary for the protection of the appellee's business in the county of Clinton. We cannot say, as a matter of law, that said injunction is unreasonably restrictive upon the employee's rights under the facts and circumstances of this particular case, nor is it against public policy.

The general rule to which Indiana adheres relating to contracts between employer-employee was well and thoroughly stated by our Supreme Court in the case of *Grand Union Tea Company* v. *Walker, supra.* See also, *Welcome Wagon, Inc.* v. *Haschert, supra,* and *Ebbeskotte* v. *Tyler, supra.*

Judgment affirmed.

Faulconer, C. J., Carson, and Ryan, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 395.