CHARLES CARROLL, Chief Judge.
The appellant seeks reversal of an order denying its application for preliminary injunction and dismissing with prejudice its suit against a former employee under a non-competition agreement.
The business of the appellant was described as development, engineering, manufacturing and sales of trusses, machinery and equipment for both the construction and Mobilehome industries. The agreement called for the employee not to engage in a competing business or disclose or solicit its customers for one year after termination of employment for any reason, “in the area of the United States of America.” The complaint alleged termination of the employment by discharge of the employee, and that the latter was engaging in a competing business in violation of the contract.
The contract was of a kind valid and enforceable under § 542.12(2) unless unreasonable as to time or area. There was no question raised as to the time period, but the court denied plaintiff’s application for preliminary or temporary injunction upon holding the contract unreasonable as to area. Upon that ruling being made by the trial court the plaintiff elected not to proceed further and requested entry of final judgment; which latter fact was revealed in the judgment, as follows: “And the plaintiff having requested that a final order be entered without further amendments or proofs.”
Therefore, the matter before us is not a decision reached on final hearing, but a question of the propriety of the order of the trial court denying the plaintiff’s application for preliminary injunction.
On consideration of the record we find no sufficient reason to disturb the ruling *78 of the trial court which was predicated on its finding and conclusion that the agreement was not limited to . a “reasonable area” as provided for in the enabling statute. See Davis v. Ebsco Industries, Inc., Fla.App.1963, 150 So.2d 460.
Affirmed.