257 So.2d 603 (1972)
KOFOED PUBLIC RELATIONS ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Richard A. MULLINS, Appellee.
KOFOED PUBLIC RELATIONS ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Richard A. STIMSON, Appellee.
Nos. 71-76, 71-77.
District Court of Appeal of Florida, Fourth District.
January 14, 1972.
Rehearing Denied February 29, 1972.
*604 William H. Benson, of Feibelman, Friedman, Britton & Stettin, Miami, for appellant.
Henry M. Schmerer, of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for appellees.
REED, Chief Judge.
The appellant here, Kofoed Public Relations, Inc., brought two separate actions in the Circuit Court for Broward County, Florida. One was against appellee, Richard A. Stimson, and the other was against appellee, Richard A. Mullins. The two actions were consolidated in the trial court. On motion for summary judgment a separate final judgment was entered in favor of Mullins and Stimson. The present appeals from those judgments have been consolidated here.
The only question presented for our consideration is whether or not a provision in an employment agreement between appellant and appellees which restricts appellees from engaging in the public relations and advertising business upon termination of their employment with appellant is void by reason of Section 542.12, F.S. 1969, F.S.A., where the restriction is virtually unlimited as to geographical area.
The following are the facts which gave rise to the question. In 1969 in Florida, Mullins and Stimson each entered into a written employment contract with Kofoed Public Relations Associates, Inc. Each agreement provided that upon termination of the employment relation, the former employees, for a period of twenty-four months therefrom, would not engage in the public relations and advertising business. The geographical area in which this restriction was to apply was any area in which the employer at the time of termination of employment was doing or theretofore had done public relations and advertising business. Mullins and Stimson terminated their employment with the plaintiff on 9 October 1970 and 28 October 1970, respectively. During the time defendants were employed by plaintiff, the latter did business throughout the State of Florida and in numerous other states and several foreign countries. The plaintiff filed complaints against both defendants setting up the foregoing facts and in addition alleging that defendants were in violation of the aforementioned covenant against competition. The primary relief sought was an injunction against each defendant from, "... entering or continuing in any activity in competition with the plaintiff in accordance with said employment agreement or rendering any advertising or public relation service, directly or indirectly to any person, partnership or corporation in the central and south Florida area, including Tampa, Orlando, and Daytona Beach South but not north."
Before either defendant answered, a summary final judgment was entered in favor of both defendants, apparently on the basis of the foregoing facts. The trial judge concluded that the geographical area in which the restrictive covenant was to operate was so broad as to render the same unreasonable and the covenant totally unenforceable.
Section 542.12, F.S. 1969, F.S.A., controls the disposition of this case. In pertinent part the statute provides:
"(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsection (2) and (3) hereof, is to that extent void.
"(2) ... one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction *605 be enforced by injunction." (Emphasis added.)
* * * * * *
For purposes of applying the statute we will accept the trial judge's determination that the geographical area which would be covered by the restrictive covenant is not "reasonably limited" within the contemplation of the statute. As a consequence, the covenant is not enforceable throughout such area. It does not follow, however, that the covenant is totally unenforceable. The aforementioned statute has been construed by the Florida Supreme Court to confer jurisdiction on the trial court to determine under the facts of a given case what would be a reasonably limited time and area for the operation of a covenant not to compete even though the contracting parties had omitted any limitation whatsoever as to time or area. Flammer v. Patton, Fla. 1971, 245 So.2d 854, 859. Logically this construction applies equally to the situation before us where the parties, although not totally failing to limit a geographical area, failed to reasonably limit such area. On the basis of the statute, as construed by Flammer v. Patton, supra, we hold that in the situation before us the trial court has jurisdiction to determine what would be a reasonably limited area within the area limited by the contracts and, in its discretion, to enforce the covenants in such lesser included area.
An interpretation of the statute which would totally invalidate any covenant not to compete unless the parties at the time of contracting were able to conceive of an area for the operation of the covenant which would later meet with the approval of an enforcing court is probably not desirable for at least two reasons. First, such a construction would place too high a duty of foresight on contracting parties. Secondly, it would appear to deprive the contracting parties of a right which the legislature by the statute intended to make available, namely, the right to have in certain instances restrictions on competition within a reasonably limited time and area.
In fairness to the trial judge, it should be noted that the Supreme Court's opinion in Flammer v. Patton was not published until after the entry of the final judgments in the present case. Nevertheless, the entry of the summary judgments was error because it precluded a determination of a material fact issue  what lesser included geographical area is reasonable for the operation of the covenants in question? The entry of the summary judgments also precluded the exercise of the trial court's equitable jurisdiction to enforce the covenants within such lesser included area. For these reasons the final judgments are reversed and the cause is remanded for further proceedings in accordance with the foregoing opinion.
Reversed and remanded.
CROSS and OWEN,, JJ. concur.