281 So.2d 239 (1973)
AUTO CLUB AFFILIATES, INC. and K & K Insurance Agency, Inc., Appellants,
v.
Jack A. DONAHEY and National Auto Racing Services, Inc., Appellees.
No. 71-372.
District Court of Appeal of Florida, Second District.
August 2, 1973.
Rehearing Denied August 31, 1973.
*240 John R. Bush, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Alan C. Sundberg, of Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, and Donahey & Furnell, Clearwater, for appellees.
LOVE, WILLIAM K., Associate Judge.
The order appealed from is a final judgment denying an injunction restraining Jack A. Donahey and National Auto Racing Services, Inc. from soliciting or attempting to do business in accordance with a restrictive covenant against competition contained in an employment agreement executed by Donahey and K & K Insurance Agency, Inc.
The employment contract was executed on November 11, 1966, to be effective January 1, 1967, for a period of five years. In the event the agreement was terminated for any reason, Donahey agreed not to:
"enter into or engage in any business competing with the amusement and/or racing insurance business of K & K Insurance Agency, Inc., either as an individual on his own account, or as a partner or joint adventurer, or as an employee, agent, or salesman, for any person, or as an officer, director, or stockholder of a corporation, or otherwise, for a period of five (5) years from the date of such termination of said termination (sic) of his employment hereunder:"
All of the stock of K & K Insurance Agency, Inc. was owned by Nord W. Krauskopf and his wife. Krauskopf assigned *241 the employment contract to Auto Club Affiliates, Inc., another company owned by Krauskopf and maintained for income tax purposes. Donahey accepted the change in titular employer.
For approximately three years, Donahey worked for Krauskopf selling auto racing insurance, including spectator liability and accident insurance for drivers and other race track personnel. After his resignation, Donahey and another former employee formed National Auto Racing Services, Inc. and began soliciting business from customers of K & K Insurance Agency, Inc.
The question presented by this appeal is whether the restrictive covenant not to compete should be enforced. For an extensive treatment of the enforceability of restrictive covenants ancillary to employment contracts, see the cases collected at 43 A.L.R.2d 94.
The parties agreed that the contract would be interpreted and construed under the laws of Indiana which was the location of the headquarters of the business and Donahey agreed to move to Indiana after accepting employment by Krauskopf. An examination of the cases cited by appellant indicates that the courts of Indiana will enforce restrictive covenants not to compete where such covenants are reasonably necessary for the protection of the employer's business, not unreasonably restrictive upon the rights of the employee and not against public policy. Grand Union Tea Co. v. Walker, 1935, 208 Ind. 245, 195 N.E. 277; Welcome Wagon, Inc. v. Haschert, 1955, 125 Ind. App. 503, 127 N.E.2d 103; Ebbeskotte v. Tyler, 1957, 127 Ind. App. 433, 142 N.E.2d 905; Miller v. Frankfort Bottle Gas, Inc., 1964, 136 Ind. App. 456, 202 N.E.2d 395.
The law of Indiana appears to be in conformity with the general view that time and space limitations determine the reasonableness of such an agreement. Neither should be so extensive as to be oppressive to the employee or injurious to the public. Therefore before a restrictive covenant is enforced, conflicting interests must be balanced. An employee must not be permitted to deprive his employer of his business and the employer must not deprive his employee of a skill upon which he depends for his livelihood. 14 Williston on Contracts § 1638 (1972), 6A Corbin on Contracts § 1391 (1962).
The one principle which seems to be universally applied is that in determining the validity of such a covenant each case must be decided on its own facts. What is reasonable depends upon the nature of the business, the employment and the situation of the parties.
The primary objection to the covenant not to compete presented in this case is that the territorial limitation which extends throughout the United States is too extensive. A nationwide restriction is not invalid per se. However, the area in which competition is restricted must not be broader than is necessary to protect the employer's interests. Some courts have held that the area necessary for the protection of the employer's interests is the area throughout which the employer's business activities extend.
For example, in Harwell Enterprises, Inc. v. Heim, 1970, 276 N.C. 475, 173 S.E.2d 316, the supreme court of North Carolina upheld a covenant not to compete extending throughout the United States for two years. The employer was engaged in various business endeavors including all phases of silk screen processing, plastics, importing and various other ventures throughout the United States. The court emphasized the fact that the employee was acquainted with customers all over the country and had acquired valuable trade and technical information relating to the business. In upholding the covenant the court stated:
Because of the increased technical and scientific knowledge used in business today, *242 the emphasis placed upon research and development, the new products and techniques constantly being developed, the nation-wide activities (even world-wide in some instances) of many business enterprises, and the resulting competition on a very broad front, the need for such restrictive covenants to protect the interests of the employer becomes increasingly important.
Similarly in Hulsenbusch v. Davidson Rubber Co., 8 Cir.1965, 344 F.2d 730, a former employee was enjoined from designing and manufacturing interior automotive parts such as padded dashboards, arm rests and sun visors in competition with his former employer. The restriction extended throughout the United States for a period of two years and was enforced throughout the entire territory. The area restriction was held reasonable because it was coextensive with the employer's trade and disclosure of trade secrets anywhere in the country could seriously injure the employer's nationwide business.
Other courts have limited the area necessary to protect the employer's interests to that area where the employee has performed services for the employer. In Allright Auto Parks, Inc. v. Berry, 1966, 219 Tenn. 280, 409 S.W.2d 361, a covenant not to compete was not enforced because it attempted to restrict the employee from engaging in the automobile parking business in 43 cities in which he had not worked in addition to the three cities where he had been employed. Under the circumstances the court felt that the threatened competition to the employer did not outweigh the undue oppression on the employee.
Perhaps the case most relevant to the issue presented by this appeal is Orkin Exterminating Co., Inc. of South Georgia v. Mills, 1962, 218 Ga. 340, 127 S.E.2d 796. In that case an employment contract prohibited an employee from engaging in a similar business for two years after termination of employment in any area where the employer was doing business. The territorial limitation coextensive with the employer's business was held reasonable even though the employee had not worked throughout the entire area. Emphasis was given to the fact that the employee had access to business information and technical developments related to the employer's pest control business. Such knowledge could be used to the detriment of the employer in any area where he was conducting his business. Furthermore the employee was trained for work throughout the territory and subject to being sent to all parts of that area.
In the case before us Krauskopf's auto racing insurance business extended throughout the United States. Donahey worked primarily east of the Mississippi but was available to travel anywhere in the country in order to promote his employer's business and in fact did travel outside his usual territory. The business activity involved a highly specialized field of insurance serving a limited number of customers, there being a limited number of auto race tracks throughout the country. Krauskopf himself initiated the business when he was involved in auto racing and saw a need for a specialized type of insurance. He compiled race track statistics including loss ratios, hazard experiences, and premium rates. Before Krauskopf's staff compiled this information there were apparently no standards regarding premium rates for race tracks. Donahey had access to this information and used it while employed by Krauskopf. Evidence that he used this information to his own advantage is disclosed by the fact that after he left the employment of Krauskopf, Donahey solicited business from Krauskopf's former customers quoting a price just under that already being paid to Krauskopf's company. Use of this information anywhere in the country could seriously injure Krauskopf's business. In this respect, the territorial limitation is not unreasonable.
If, however, there are insufficient contacts between the employee and the entire territory over which the employer's *243 business extends, especially in those areas where the employee does not work, a covenant not to compete might not be enforced. Delmar Studios of the Carolinas v. Kinsey, 1958, 233 S.C. 313, 104 S.E.2d 338.
Notwithstanding the validity of the contract under Indiana law the contract cannot be enforced if it is against the public policy of Florida. Davis v. Ebsco Industries, Inc., Fla.App.3d 1963, 150 So.2d 460.
The basis for Florida law concerning covenants restricting competition of employees after termination of employment is found in Florida Statute § 542.12, F.S.A., which provides that:
(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.
(2) ... one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area.
Prior to the statute, however, covenants restricting competition were not favored because they usually were in the form of a unilateral contract forced on an employee in need of employment by an employer with no other obligation than to pay the employee for work performed. Love v. Miami Laundry Co., 1934, 118 Fla. 137, 160 So. 32. However, in Love the restriction was not held void. Instead it was determined to be unfair and unreasonable as between the parties and that a court of equity should not enforce it.
Such contracts however will not be enforced if they amount to an undue or unreasonable restraint of trade. The restraint is unreasonable if it is detrimental straint is unreasonable if it is detrimental to the public welfare and obnoxious to public policy. Lee v. Clearwater Growers' Association, 1927, 93 Fla. 214, 111 So. 722; Massari v. Salciccia, 1931, 102 Fla. 847, 136 So. 522.
The test for determining whether a covenant not to compete should be enforced is set out in Capelouto v. Orkin Exterminating Co. of Florida, Fla. 1966, 183 So.2d 532. In sustaining enforcement of a covenant restricting competition for two years in several Florida counties our supreme court stated:
Absent any overriding public interest in having the restricted employee's services available to it ... the guidelines to be followed in enforcing any such contract are reasonableness as to time and as to area. Id. at 534.
Such contracts may be determined to be reasonable if it is necessary to protect the interests of the employer without doing harm to the public and without inflicting any unduly harsh or oppressive result on the employee.
A covenant which lacks a territorial limitation is not void ipso facto as long as the absence of the territorial limitation can be shown to be reasonable under the circumstances. Fountain v. Hudson Cush-N-Foam Corp., Fla.App.3d 1960, 122 So.2d 232. It should be noted however that Fountain involved a temporary injunction until its reasonableness could be determined on the facts.
Sanford Industries, Inc. v. Jaghory, Fla.App.3d 1969, 223 So.2d 77, and C & D Farms, Inc. v. Cerniglia, Fla.App.3d 1966, 189 So.2d 384, involve cases where covenants not to compete have not been enforced because the time and area limitations were determined to be unreasonable under the circumstances. The business involved in Sanford was the manufacturing of equipment for the construction and mobile home industries. Cerniglia involved the tomato production business. Neither of these businesses required restrictions extending throughout the United States for their protection.
*244 An important factor apparently not considered by the trial court was the fact that the covenant not to compete was suggested by Donahey. This suggestion was made in a letter sent to Krauskopf prior to entering into the employment contract. The trial court refused a proffer of the letter on the basis that the preliminary negotiations had merged into the executed agreement. However the letter would have been useful to show that Donahey raised the issue of a restrictive covenant and therefore this is not a case of an employer forcing an oppressive employment contract on an employee unable to negotiate the terms of his employment.
Under the circumstances the restrictive covenant involved here appears to be reasonable. Considering the nature of the business, a highly specialized field of insurance and the type of employment, nationwide selling, the restriction is not unreasonable. Nor can the restriction be said to be oppressive when it was voluntarily entered into by the employee.
However, if the covenant is determined to be unreasonable as to time and space, the covenant is not totally unenforceable. Florida Statute § 542.12, F.S.A., has been construed to confer on the trial court the jurisdiction to determine under the facts of a given case what would be a reasonably limited time and area for the operation of a covenant not to compete. Flammer v. Patton, Fla. 1971, 245 So.2d 854, and Kofoed Public Relations Associates, Inc. v. Mullins, Fla.App. 4th 1972, 257 So.2d 603. When the contracting parties enter into an agreement, they are not expected to conceive of an area for the operation of the covenant which would later meet with the approval of an enforcing court. Kofoed supra. For these reasons the final judgment is reversed and the cause is remanded to the trial court to determine if the covenant is reasonable under the facts of the case and, if not, then to determine what lesser included geographical area is reasonable. The appellee should be permitted to offer evidence, if he desires, as to the letter described.
LILES, A.C.J., and HOBSON, J., concur.